360 So.2d 659 (1978)
Franklin VIDRINE, Sr., Plaintiff-Appellant,
v.
Vories MOREIN, Defendant-Appellee.
No. 6574.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1978.
Fruge & Vidrine, Richard W. Vidrine, Ville Platte, for plaintiff-appellant.
Preston N. Aucoin, Ville Platte, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
The sole issue presented on this appeal is whether plaintiff is entitled to cancellation of a lease. The facts are undisputed and are set forth as follows:
The parties entered into a lease agreement dated September 22, 1969 whereby plaintiff leased to defendant a certain parcel of land located in the Town of Ville *660 Platte. The lease is for a primary term of 10 years. The terms of the lease obligate the lessee (defendant) to construct a service station on the described property at his expense, and specifies:
"During the ten year period, LESSEE shall operate a service station or sublet the premises for the operation of a service station."
According to the terms of the lease agreement lessee is to pay no rent, but is required to pay to the lessor the sum of one cent per gallon for all gasoline sold over and above 5,000 gallons per month during the ten year period. After the expiration of the ten year primary term, the lessor agrees to use the lessee's oil and gas products for an additional five year period. At the expiration of the primary term, the building to be constructed on the property is to become the property of the lessor, however, the pumps, tanks, grease racks and equipment used by the lessee are to remain the property of the lessee.
Defendant sublet the premises immediately after the building was completed. Thereafter, between September, 1969, and February 14, 1977 (the date of the filing of the instant suit), there were eight different operators of the service station. When one operator would leave, defendant would immediately search through both newspaper advertisements and individual contact for a new operator. There were intervals when the service station would be closed while defendant was searching for a new operator. During the period of time from September 1969 to January 1975, the station was closed from one month to two months during these intervals. During this period plaintiff did not complain of the closure of the station.
Ray Bourque operated the station until the last day of November, 1976. The station remained closed during December, 1976, January, 1977 and until February 18, 1977 when a new operator, Scotty Perrodin, was found who opened the station. Perrodin was still operating the station at the time of trial.
In January 1977, plaintiff contacted defendant seeking a release of the property for breach of the terms of the lease. Defendant refused to release the property and suit was filed on February 14, 1977.
The trial court refused to cancel the lease, finding that defendant made a reasonable effort to operate the service station and thus had complied with the terms of the contract. Plaintiff has appealed. We affirm.
The record shows that at the time of trial, defendant had expended over $30,000.00 in the construction of the building and other appurtenances on the leased premises. Checks, representing the amounts due plaintiff from gasoline sales, were sent by defendant to plaintiff at the end of each month. There is nothing in the record to indicate that these payments were not promptly made. Defendant continued this practice after suit was filed. Plaintiff is in possession of the checks but has not cashed them. The record further reflects that defendant loaned several of the operators money for the operation of the station. Some of this money had not been repaid.
We conclude that the periods of time in which the station was closed were not unreasonable under the circumstances, especially considering the fact that defendant made every reasonable effort following the loss of an operator to secure a replacement for him. Although the terms of the lease, supra, provide that during the primary term the lessee shall operate a service station or sublet the premises for the operation of same, the lease does not specify that the operation of the station is to be continuous and without interruption of any kind.
We also note that plaintiff did not complain when the station was previously closed at intervals during the period from 1969 to 1975 as a result of an operator quitting. This had the effect of creating a custom between the parties whereby defendant was allowed a reasonable time in which to secure a replacement operator. Plaintiff, by his prior acquiescence, led defendant to believe that he was complying *661 with his obligations under the terms of the lease. Under these circumstances, plaintiff is now estopped from using this alleged breach as a basis for a suit for cancellation of the lease. See Lee Lumber Company, LTD. v. International Paper Company, 345 So.2d 212 (La.App. 3rd Cir. 1977, writ refused).
It is well settled that the right to dissolve a lease is subject to judicial control according to the circumstances. Housing Authority of the City of Lake Charles v. Minor, 355 So.2d 271 (La.App. 3rd Cir. 1977, cert. denied). In the cited case, we stated:
". . .our courts, on the basis of equity, are vested with discretion under some circumstances to decline to grant a lessor cancellation of a lease although such right appears to be otherwise available to him."
For the above and foregoing reasons, the judgment of the district court dismissing plaintiff's suit with prejudice is affirmed at plaintiff's cost.
AFFIRMED.