DOUCET, Judge.
This is a suit for cancellation of a lease. The plaintiff-lessor, Clement Hebert, appeals a judgment of the district court in favor of the defendant-lessee, Larry Bras-seaux, denying his claim for cancellation. We affirm.
The record shows that on August 16, 1975, plaintiff leased a night club building in rural Vermilion Parish to defendant for a five year term with an option to renew for two additional five year periods. The written agreement provided for rental payments of $250.00 per month, payable at plaintiff’s residence on or before the first day of the month. Defendant assumed the obligations of maintaining the building and complying with the rules and regulations of the Louisiana Fire Prevention Bureau.
Plaintiff brought this suit on September 11, 1979, alleging that he was entitled to have the lease cancelled because of defendant’s breaches of his obligations to pay the rent when due, to maintain the building, and to comply with the rules and regulations of the Louisiana Fire Prevention Bureau. Following a trial on the merits, the trial judge found that plaintiff had failed to show a breach of the conditions of the lease sufficient to justify cancellation. Accordingly, he rendered judgment in defendant’s favor, reserving plaintiff’s right to reinsti-tute the suit if defendant failed to fulfill his obligations.
The only issue on appeal is whether the trial judge abused his discretion in refusing to dissolve the lease.
We note at the outset that the right to dissolve a lease is subject to judicial control according to the circumstances of each case. Housing Authority of the City of Lake Charles v. Minor, 355 So.2d 271 (La.App. 3rd Cir. 1977), writ denied, 355 So.2d 1323 (La.1978). As this court stated in the cited case, “... our courts, on the basis of equity, are vested with discretion under some circumstances to decline to grant a lessor cancellation of a lease although such right appears to be otherwise *779 available to him.” See also,. Vidrine v. Morein, 360 So.2d 659 (La.App. 3rd Cir. 1978); Pool v. Winwell, Inc., 381 So.2d 926 (La.App. 3rd Cir. 1980). After carefully considering this case in light of those principles; we conclude that the trial judge did not err in refusing to cancel the lease.
The evidence shows that for nearly four years following the execution of the lease, plaintiff periodically accepted late rent payments from defendant. In May of 1979, plaintiff’s attorney sent a letter to defendant’s attorney, demanding that all future rent payments be made promptly. Thereafter, plaintiff hand delivered approximately half of the rent payments and sent the others by certified mail.
One payment, which was due on Sunday, June 1,1980, was not delivered until June 2, 1980. Defendant testified that plaintiff was not at home when he called at noon on June 1, and knowing that plaintiff and his wife usually went to the race track in New Orleans on weekends, he assumed that they would not be home until late that evening. In addition, several of the payments that were mailed were not received by plaintiff by the first of the month, because he was not at home to receive the certified mail, and he had instructed his daughter not to accept certified mail from defendant. The trial judge concluded that it was obvious that plaintiff was refusing the certified mail in order to have a reason to cancel the lease.
The evidence concerning plaintiff’s maintenance of the building was conflicting. Plaintiff testified that the building was in perfect condition when defendant took possession of it, and that it had become badly deteriorated because of lack of maintenance. Defendant, on the other hand, testified that he had had to make numerous repairs before he began to use the building, and that he had adequately maintained it since then. Plaintiff introduced pictures into evidence showing that at times the building was not in perfect condition. It was established that at the time that the pictures were taken, defendant had subleased the building to other people, who had not properly cared for it. However, when the trial judge made an on-site inspection of the leased premises during the trial, he found that the place had been considerably improved since the pictures were taken. He concluded that the building had not deteriorated to such an extent as to warrant cancellation of the lease.
The trial judge also rejected plaintiff’s argument that he is entitled to cancellation of the lease because of defendant’s alleged failure to comply with the rules and regulations of the Louisiana Fire Prevention Bureau. We find that the record fully supports that decision. It was established at the trial that defendant has never been cited for any violations of any fire safety laws, despite a number of inspections by employees of the Louisiana Office of Fire Protection. Defendant testified that the building is equipped with three fire extinguishers and a public address system, which can be used to alert its occupants in the event of a fire. Plaintiff questions the propriety and effectiveness of those measures. However, he has not established that defendant has failed to comply with any applicable rules and regulations.
For the foregoing reasons, we conclude that the trial judge’s refusal to dissolve the lease was a proper exercise of his discretion. We therefore affirm the judgment appealed by plaintiff. All costs of this appeal are to be paid by plaintiff.

AFFIRMED.