(135 So. 372)

## BREWER v. FOREST GRAVEL CO., Inc.
### No. 30996.

May 25, 1931.

Hawthorn, Stafford & Pitts and Overton & Hunter, all of Alexandria, for appellant.

B. T. Dawkins, of Alexandria, for appellee.

ST. PAUL, J.

On February 28, 1929, plaintiff leased to defendant for 10 years a certain gravel pit, and the pertinent clauses of said lease, so far as they concern this controversy, are as follows: "The lessee shall have the right to mine, extract, remove and take from said premises, all the merchantable and marketable sand, gravel and stone, on, in, or under said premises. The lessee shall pay the lessor for all material mined and shipped from said premises at the rate of 50 cents per carload for all sand and $1.80 per carload for all other material * * * removed and shipped by the lessee."

Defendant has tendered to plaintiff the full amount due for all sand and gravel taken from the premises, less, however, the amount of the severance tax levied by Act No. 140 of 1922, claiming that said tax is due by lessor (plaintiff) and not by the lessee (defendant), by whom, however, it has actually been paid to the state, as required by said act. On the other hand, the plaintiff claims the whole amount of the rent agreed upon without deduction for said taxes, claiming that the severance tax is due solely by the lessee (defendant) and not by the lessor (plaintiff). And accordingly plaintiff prays for judgment for the full amount as aforesaid, and for cancellation of the lease for nonpayment of the rent.

### I.

In our opinion, Act No. 140 of 1922, very clearly lays the ultimate burden of said tax upon the person or persons who become the owners of said natural resources immediately upon their severance from the soil. See sections 1 and 7. And it matters not whether the person who does the actual severing from the soil must account to such owner in kind or in money. And the real question in connection with any mineral lease, as to who is ultimately to pay the tax to the state, is whether the owner of the soil retains the ownership in whole, or in part of the product severed, to be delivered in kind or accounted for in money, or is merely to receive a monied consideration for the privilege of severing the product from the soil, in which latter case the product belongs to the one by whom it is severed.

This distinction is perfectly clear. Thus, if a landlord lease a plantation in consideration of half the crop to be grown, the landlord and tenant own the crop in common; but, if the landlord lease the plantation in consideration of $1 to be paid him for each bale of cotton grown, then all the cotton belongs exclusively to the tenant, who simply owes the landlord $1 for each bale grown.

And in our opinion the lease herein involved is of the latter kind and not of the former. It seems to us clear that the parties meant that the sand and gravel should become the exclusive property of the defendant as soon as the same were severed from the soil, and that plaintiff should have no ownership therein, but only a claim for his rent. Cf. Logan v. State Gravel Co., 158 La. 105, 106, 103 So. 526.

Accordingly we think that the severance tax was due exclusively by defendant and not by the plaintiff.

### II.

We are therefore of opinion that the trial judge correctly allowed plaintiff the full amount of his claim, with this exception, however: Plaintiff had agreed to allow one McFarland a bonus of 20 cents per car for three years under certain conditions, which were complied with. McFarland's claim amounted to $105.40 at the time this suit was filed, and defendant had bought his claim. We think that defendant was clearly entitled to credit for this amount, which the district judge did not allow.

### III.

The district judge, however, did not cancel the lease, and plaintiff has asked us to amend his judgment by doing so.

We do not think he is entitled to it. It is true that ordinarily a lessor may dissolve a lease for failure on the part of the lessee to pay the rent promptly when due. But "the right to dissolve a lease is subject to judicial control according to circumstances." Sieward v. Denechaud, 120 La. 720, 730, 45 So. 561, 564, citing Prude v. Morris, 38 La. Ann. 769, and other authorities.

In the present case defendant has not refused arbitrarily to pay the rent, but was in good faith in refusing to pay more than he thought was due according to the advice of his counsel. We do not think a lease should be canceled under such circumstances. Thus, where a lessor refuses or neglects to make certain repairs the tenant may make them at his own expense and deduct them from the rent. Rev. Civ. Code, art. 2694. But this right would be valueless if the tenant could do so only at his own risk and peril if it should later develop that he was in error as to the necessity for or the value of such repairs. When the tenant has reasonable grounds for thinking that he does not

owe all the rent claimed by the landlord, it would be a harsh rule to turn him out because he has made some error in good faith; and, as above said, courts will exercise some discretion in such cases.

#### IV.

Defendant complains that it has not been allowed credit for $478.85 which it has deposited to the credit of plaintiff, but which plaintiff has refused to receive. We do not think it is entitled to this credit at this time. If plaintiff still refuses to receive this amount, defendant may withdraw it and pay this judgment in part with it. But plaintiff was no more required to receive less than what he thought was due him than defendant was itself required to pay more than it believed it owed.

The judgment appealed from is in all respects correct, except as to the $105.40 above referred to.

#### Decree.

The judgment appealed from is therefore amended by allowing defendant an additional credit of $105.40; and as thus amended said judgment is affirmed; plaintiff to pay the costs of this appeal, and defendant to pay the costs of the court below.