ST. PAUL, J.
 

 Plaintiff alleges that on August 1, 1930, he leased to defendant, for a filling station, certain premises in Ponchatoula, La., for a period of two years, with privilege of renewal for two years more; the monthly rental being one cent per gallon of gasoline or oil sold from said premises, and being payable on the 15th day of the month following that in which the oil was sold; that the rent due July 15, 1931, was not paid when it became due; that plaintiff was “tendered a check for $35.19 [amount of said rent] on the 21st of the month”; that on the same day plaintiff returned said check; and that, “by reason of the non-payment of the rent when due,” he is entitled (due notice having been given defendant) to have said defendant vacate the premises and deliver possession thereof to him.
 

 I.
 

 The lease does not set forth where the rent is to be paid; and the petition does not allege, but on the contrary inferentially negatives that any demand for payment was ever made on defendant. And the fact is that a check for the amount of the rent was mailed by defendant to its agent at Ponchatoula on July 10th; but, owing to some oversight, or perhaps some fault in mail deliveries, it did not reach plaintiff until July 21st, as aforesaid.
 

 The district court gave judgment for plaintiff as prayed for; and the Court of Appeal affirmed the judgment. 141 So. 513.
 

 II.
 

 Article 2712, Rev. Civ. Code, declares that “The lessee may be expelled from- the property if he fails to pay the rent when it becomes due.”
 

 But “Incivile est, nisi tota lege prospecta, una aliqua partícula ejus proposita, judieare vel respondere,” a laconic as old as the seven hills of Rome, which Corpus Juris correctly translates as meaning, “It is improper, unless the whole law has been examined, to give judgment or advice upon a view of a single clause of it.”
 

 And article 2157, Rev. Civ. Code, provides, that “The payment must be made in the place specified in the agreement. If the place be not thus specified, the payment, in ease of a certain and determinate substance, must be made in the place where was, at the time of the agreement, the thing which is the object of it. These two cases excepted, the payment must be made at the dwelling of the debtor.”
 

 Hence, it is a rule that, “where the lease is silent as to where the rent shall be paid, the payment is to be made either at the leased premises or at the domicile of the debtor, and this presupposes, of course, that the lessor is to call for his rent.” Saxton v. Para Rubber Co., 166 La. 308, 117 So. 235, 237. So that, “where * * * there is no specification in the lease as to the place where the rent should be paid, the law prescribes that ‘payment must be made at the dwelling of the debtor.’ * * * R. C. C., 2157 [hence]. By formally tendering the rent after ma
 
 *723
 
 turity, but prior to default and to tbe filing of this action, the defendant effectively stripped the landlord of his right to cancel the lease on the ground alleged.” Lafayette Realty Co. v. Joseph Puglia, 10 Orleans App. 105.
 

 Moreover, where “defendant was offered its money, and could have had it before it even brought suit to annul the contract [lease],” he cannot annul the lease for alleged nonpayment of the rent. “Our law does not contemplate that contracts shall be annulled by one party, where the other is able and willing to perform his own part of it as soon as demanded of him.” Hemsing v. Wiener-Loeb Grocery Co., 157 La. 189, 102 So. 303, 304.
 

 Hence, although “it is true that ordinarily a lessor may dissolve a lease for failure on the part of the lessee to pay the rent promptly when due, [nevertheless] the right to dissolve a lease is subject to judicial control according to circumstances.’ ” Brewer v. Forest Gravel Co., 172 La. 828, 135 So. 372, 373, citing, Sieward v. Denechaud, 120 La. 720, 45 So. 561; Prude v. Morris, 38 La. Ann. 767, 769. See, also, Saxton v. Para Rubber Co., 166 La. 866, 118 So. 64; Schnaider v. Graffagnini, 154 La. 363, 97 So. 491; Bonnabel v. Metairie Cypress Co., 129 La. 928 57 So. 271; Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926, 15 Ann. Cas. 251.
 

 Decree.
 

 For the reasons assigned, the judgment of the district court, and that of the Court of Appeal affirming the same, are reversed and set aside, and it is now ordered that the demand of the plaintiff be rejected at his cost in all courts.