GLADNEY, Judge
(dissenting).
If the record disclosed anything, it evidences the good faith performance of lessee’s obligations under the contract of lease. Furthermore, appellant herein has not pointed out where he has been prejudiced through the conduct of the lessee. In my opinion resolution of the case rests upon equitable principles which may be resorted to to prevent a valuable property right from being destroyed upon technical legal grounds. Our courts have employed these principles for the purpose of strengthening the arm of justice. Thus:
“In Louisiana, the right to dissolve a lease is subject to judicial control according to the circumstances. Brewer v. Forest Gravel Company, Inc., 172 La. 828, 135 So. 372, and cases there cited. In this case there were grounds for honest doubt as to the rights of the parties. This Court has not, and will not, penalize a litigant lessee by dissolving a lease held technically in default when there is a bona fide defense. The plaintiffs’ request for cancellation should, therefore, be denied.” Rudnick et al. v. Union Producing Co. et al., 209 La. 943, 25 So.2d 906, 908.
The court refused to cancel the mineral lease in Jones v. Southern Natural Gas Company, 213 La. 1051, 36 So.2d 34, 38, wherein O’Niell, Chief Justice, enunciated the following principle:
“There is ample authority for the proposition that considerations of equity may prevent a forfeiture of a mineral lease where the failure of the lessee to pay the full amount of the delay rentals, or his failure to pay it within the time stipulated, is the result of a mistake on his part, and where the circumstances are such that the mistake is a pardonable one, and particularly where the mistake is a mutual mistake on the pail of both the lessor and the lessee. In such cases equity requires that when the lessor learns of the mistake he should promptly inform the lessee of the mistake and give the latter an opportunity to correct it immediately, before he, the lessor, can demand a forfeiture for nonpayment of the rental within the time stipulated. See Monarch Gas Co. v. Roy et al., 81 W.Va. 723, 95 S.E. 789; and Gloyd v. Midwest Refining Co., 10 Cir., 62 F.2d 483.”
*489 The doctrine so applied in Jones v. Southern Natural Gas Company was re-affirmed by Fournet, Chief Justice, in Atlantic Refining Company v. Shell Oil Company, Inc., 217 La. 576, 46 So.2d 907, 910. Again in Sohio Petroleum Company v. V. S. & P. R. R. et al., 222 La. 383, 62 So.2d 615, 620, and 621, the Supreme Court denied cancellation where the lessee acted in good faith and lessors failed to take steps that would have brought corrective action by the lessee.
For the reasons so stated, I respectfully dissent.
GLADNEY, J., dissents from refusal to grant rehearing.