McBRIDE, Judge.
Plaintiff has appealed from a judgment sustaining defendant’s exception of no cause of action and dismissing his suit for cancellation of a written lease on the ground of nonpayment of rent.
The judgment must be affirmed. The exception is good for two reasons:
1. The petition alleges that defendant did not pay the rent becoming due November 1, 1962, in accordance with the terms of the lease, in that he mailed the same to plaintiff on November 5, 1962, after due date, and that plaintiff returned the same to him accompanied by his request that defendant vacate the premises for nonpayment of rent.
The written lease provides that the rent shall be payable “at 4323 Paris Avenue” (the leased premises). LSA-C.C. art. 2157 provides the payment must be made in the place specified in the agreement, and this presupposes, of course, that the lessor is to call there for his rent. Nowhere is it alleged in the petition, and plaintiff’s counsel concede that an allegation could not be made, that the landlord went to the leased premises and demanded his rent from defendant, and in view of this defendant has never been placed in default.
Plaintiff actually received his money before he brought suit to annul the contract, and he cannot cancel the lease for alleged nonpayment of rent where defendant was not in default. Edwards v. Standard Oil Co. of Louisiana, 175 La. 720, 144 So. 430; Saxton v. Para Rubber Co. of *634 Louisiana, 166 La. 308, 117 So. 235; Lee v. Abernathy, La.App., 19 So.2d 670; Belvin v. Sikes, La.App., 2 So.2d 65; Maestri v. Nall, La.App., 145 So. 128. Our law does not contemplate that contracts shall be annulled by one party where the other is able and willing to perform his own part of it as soon as demanded of him. Hemsing v. Wiener-Loeb Grocery Co., 157 La. 189, 102 So. 303.
2. The lease before us provides:
“Should the Lessee at any time violate any of the conditions of this lease, or discontinue the use of the premises for the purpose for which they are rented, or fail to pay the rent, water bill, or other expenses assumed under this lease, punctually at maturity, as stipulated; or upon the adjudication of Lessee in bankruptcy, the appointment of a receiver for Lessee, or the filing of a bankruptcy, receivership or respite petition by the Lessee; or upon Lessee’s suspension, failure or insolvency; and should such violation continue for a period of five (5) days after written notice has been given Lessee, then, at the option of the Lessor, the rent for the whole unexpired term of this lease shall at once become due and eligible; and Lessor shall have the further option to at once demand the entire rent for the whole term, or to immediately cancel this lease, or to proceed for past due installments only, reserving its right to later proceed for the remaining installments, all without putting Lessee in default, Lessee to remain responsible for all damages or losses suffered by Lessor, Lessee hereby assenting thereto and expressly waiving the legal notices to vacate the premises.”
The very clause upon which plaintiff bases his claim for an immediate cancellation of the lease provides that the violation of the lease terms must continue for a period of five days after written notice has been given lessee before the option to cancel may be exercised. It is not alleged that plaintiff gave or defendant received the five-day notice in accordance with the above-quoted portion of the lease and this, we think, would be fatal to plaintiff’s alleged right to cancel.
It is argued on behalf of plaintiff that such written notice was unnecessary because when defendant failed to promptly pay rent for the prior month, he was notified in writing that in the future he would be expected to make his rent payments-promptly when due. The notice spoken of by plaintiff does not conform to that contemplated and will not suffice.
The judgment appealed from is affirmed.
Affirmed.