333 So.2d 261 (1976)
Otis L. BAHAM
v.
Ernest FAUST.
No. 10721.
Court of Appeal of Louisiana, First Circuit.
May 24, 1976.
*262 Duncan S. Kemp, III, Hammond, for appellant.
Eric L. Pittman, Hammond, for appellee.
Before SARTAIN, EDWARDS and CHIASSON, JJ.
CHIASSON, Judge.
This is an appeal from a judgment of the District Court dismissing plaintiff-appellant's rule to evict defendant-appellee for an alleged breach of lease.
On May 29, 1972 the appellant, Otis Baham, leased to the appellee, Ernest Faust, certain acreage in Tangipahoa Parish for a period of seven years. The lessee agreed to pay the lessor a total rental of $16,800.00 in monthly installments of $200.00 each, payable on or before the 28th of each month. The lease did not provide a place where payment was to be made. The lease specified that the acreage was to be used for agricultural purposes only and gave the appellee, lessee, an option to purchase the property at any time during the period of the lease. In addition, the lessee was to pay any increased taxes on the leased property.
In September, 1973, prior to the filing of this rule to evict, the appellant brought suit against the appellee in District Court for an alleged breach of this same lease. The prior suit was tried and judgment was read and signed on March 24, 1975, rejecting appellant's demand.
During the pendency of the prior suit appellee's attorney tendered each month's rent by forwarding appellee's checks to appellant's attorney. These checks were returned unaccepted. On February 10, 1975, prior to the conclusion of the preceding trial, the appellee tendered to the appellant a check for $4,000.00 representing the rent tendered but not accepted during the litigation. The appellant accepted this check and on February 28, 1975, eighteen days after receipt, the check cleared the bank. This payment did not include the installment due on February 28, 1975.
The rent due February 28, 1975 was forwarded to appellant's attorney around March 8, 1975, and received by him on or about that date. This check was returned unaccepted. On March 17, 1975, five days after the adverse judgment was rendered, but seven days before the judgment was read and signed in appellant's prior suit to evict appellee, appellant gave appellee notice to vacate. The present rule to evict was filed two weeks later on March 31, 1975 alleging late payment of the rent due on February 28, 1975. On the same day, March 31, 1975, appellant's attorney forwarded *263 a request for the payment of the increased taxes on the leased property for the years 1972, 1973 and 1975. This was appellant's first request for payment of the increase in taxes. Appellee's attorney requested tax receipts so that he might verify the amount due. On April 14, 1975 appellant's attorney forwarded a tax receipt for the year 1974, but failed to send a tax receipt for the year prior to entry of the lease. On August 11, 1975 plaintiff amended his petition to include failure to pay the increase in taxes as an alleged breach of the lease. Verification as to the amount of taxes paid prior to the lease agreement was not provided until the day of the trial. At that time appellee offered to pay the increase in taxes.
After a hearing on the rule, the Trial Court dismissed appellant's rule to evict lessee at appellant's cost. From that judgment appellant brings this appeal.
The appellant contends that the trial judge erred first, in finding that the failure of the appellee to promptly pay the rental installment due on February 28, 1975 was not a violation of the terms of the lease and second, in finding that the appellee's failure to pay the increase in taxes was not a violation of the terms of the lease.
Article 2710 of the Civil Code provides that the lessee is bound to pay the rent at the terms agreed upon. If the lessee fails to pay the rent when it becomes due he may be expelled from the property. Civil Code Article 2712. The dissolution of a lease for non-payment of rent is subject to judicial control according to the circumstances. Edwards v. Standard Oil of Louisiana, 175 La. 720, 144 So. 430 (1932); Belvin v. Sikes, 2 So.2d 65 (La.App. 1941).
Where the place of payment is not specified in the lease, Article 2157 of the Civil Code has been held to provide that payment of rent is due at the place where the thing leased was at the time the agreement was made or at the dwelling of the lessee. Saxton v. Para Rubber Co., 166 La. 308, 117 So. 235 (1928); Edwards v. Standard Oil Co. of Louisiana, supra; Belvin v. Sikes, supra; DiFatta v. Campagna, 157 So.2d 633 (La.App., 4th Cir. 1963); Smith Enterprises, Inc. v. Borne, La.App., 245 So.2d 9 (1st Cir. 1971). The record contains ample evidence of the willingness of the appellee to pay the rent when due. The lessor cannot create a cause of action entitling him to cancel the lease by his own failure to collect the rent at the place where due.
Appellee's obligation to pay the increase in taxes is an obligation subject to a suspensive condition, that is, it is dependent on a future and uncertain event, or on an event which has actually taken place, without the parties knowing it has already occurred. Appellee's obligation to pay an increase in taxes is depended on the existence of future tax increases. An obligation subject to a suspensive condition cannot be enforced until the event occurs or becomes known to the parties. Civil Code Article 2043. Appellee could not calculate the increased taxes until he knew both the taxes for each year of the lease and the taxes prior to entering the lease. Upon finally receiving this information at the hearing on the rule, appellee offered to pay the amount due. The lessor cannot wait almost three years to make a demand for payment of the increase in taxes and then urge that the lessee's refusal to pay the amount, without verification, is a breach of the lease.
Therefore, the judgment dismissing appellant's rule to evict is affirmed at appellant's cost.
AFFIRMED.