393 So.2d 801 (1981)
Nell ATKINSON, Plaintiff-Appellee,
v.
Leon RICHESON, Defendant-Appellant.
No. 14385.
Court of Appeal of Louisiana, Second Circuit.
January 13, 1981.
*802 McConnell & Associates, by Charles McConnell, Springhill, for plaintiff-appellee.
Campbell, Campbell & Johnson, by John T. Campbell, Minden, for defendant-appellant.
Before PRICE, HALL and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
Defendant, Leon Richeson, appeals a judgment evicting him from the leased premises for failure to timely pay a rental installment. We reverse.
Roy Edwards owned the subject property upon which a restaurant is located. He leased the property to defendant beginning on February 23, 1978. Plaintiff bought the property subject to the lease in September of 1978. Plaintiff sued defendant in October of 1979 seeking a cancellation of the lease on the grounds that defendant failed to keep the premises in good repair. While this suit was pending, the rent for February 23, 1980 became due; but defendant failed to pay it.
The lease contained the following clause:
Failure to pay any monthly lease rental within ten (10) days after the same became due shall mature all lease payments at the option of the lessors, which right is granted and given in addition to and not in derogation of the right of the lessors to terminate the lease for failure to pay the rent, which right is expressly reserved to the lessors, at their option.
The ten day grace period expired on March 5, 1980. On March 6, 1980, plaintiff filed an amended petition to seek cancellation of the lease for non-payment of the February rent. Defendant was served with this petition on March 13. On March 10 defendant discovered his wife had not paid the rent, and he mailed plaintiff a check for the February 23 payment. On that same day plaintiff sent defendant an eviction notice pursuant to LSA-C.C.P. art. 4701. By letter dated March 11, plaintiff returned defendant's check of March 10 and advised him she had cancelled the lease. Defendant discovered that the check which he sent plaintiff on March 10 did not contain the name of the drawee bank due to a printing error and on March 20 he sent her another check for the rent due February 23, and a check for the rent installment due March 23. Plaintiff apparently didn't notice the printing error on the check of March 10 as she didn't mention this deficiency in her *803 letter to plaintiff of March 11 when she returned the check. Plaintiff returned these two checks to defendant and amended her petition to add a rule for eviction against defendant. It is the judgment of eviction rendered in this proceeding that is here appealed.
There is no place of payment provided for in the lease. However, plaintiff and defendant agreed in December, 1978 for defendant to begin mailing the rent payment to plaintiff at her address in Magnolia, Arkansas. The trial court found that both parties agreed to accept and make rent payments in this manner and that since December, 1978 all rent has been paid in this way.
The trial court found there was a custom of payment established between the parties, which custom was sufficient to modify the lease contract and make defendant responsible for timely payment of the rent by mail. The trial court found judicial control should not be exercised to disallow dissolution of the lease because there are no extraordinary circumstances presented here. The court, therefore, found a breach of the lease contract by defendant that entitled plaintiff to dissolution of the lease and eviction of defendant.
The issues on appeal are (1) should the court have exercised judicial control and found the lease could not be dissolved based upon defendant's untimely payment of the February 23 rent installment? (2) was a custom of mailing payment to plaintiff at her home proved? and (3) should plaintiff have been required to place defendant in default?
Because we reverse the judgment of eviction on the grounds of judicial control, we do not reach the issues of place of payment or notice of default.
LSA-C.C. art. 2712 provides as follows:
The lessee may be expelled from the property if he fails to pay the rent when it becomes due.
LSA-C.C. art. 2729 also provides as follows:
The neglect of the lessor or lessee to fulfill his engagements, may also give cause for a dissolution of the lease, in the manner expressed concerning contracts in general, except that the judge can not order any delay of the dissolution.Even though the language of these articles would seem to mandate cancellation of a lease upon any failure to comply with the lease cancellation of leases is not favored in Louisiana law. Tullier v. Tanson Enterprises, Inc., 359 So.2d 654 (La.App. 1st Cir. 1978); Stoltz v. McConnell, 202 So.2d 451 (La.App. 4th Cir. 1967).
A lease will be dissolved only when it has been shown that the lessor is undoubtedly entitled to such a cancellation. Arbo v. Jankowski, 39 So.2d 458 (La.App. Orl.1949).
It has been held by our supreme court that although a lessor may ordinarily dissolve a lease for failure of the lessee to pay rentals timely, this right is subject to judicial control according to the circumstances. Brewer v. Forest Gravel Co., 172 La. 828, 135 So. 372 (1931).
In Brewer, supra, the lessor sought cancellation of the lease because the lessee had withheld part of the rent on a gravel lease to pay severance tax. The lessor contended the severance taxes were owed solely by defendant-lessee. The court found the tax was owed by the lessee but refused to cancel the lease because of non-payment of the portion of the rent withheld by the lessee to pay the tax. The supreme court found that the lessor did not arbitrarily refuse to pay the rent but made an error in good faith by refusing to pay more than he believed was due from him. Under such circumstances the lease should not be cancelled.
A later leading case on dissolution of leases is Edwards v. Standard Oil Co. of La., 175 La. 720, 144 So. 430 (1932). The rent in this case became due on July 15, 1931. The lessee had mailed a check to its local agent for delivery to the plaintiff-lessor on July 10, 1931, but the check did not reach plaintiff until July 21, 1931, six days after the due date "owing to some oversight *804 or perhaps some fault in mail delivery". The lessor refused to accept the check and returned it to the lessee. Among the reasons given for refusing cancellation was the theory of judicial control of cancellation of leases. The supreme court cited Brewer, supra, and several other cases for the proposition that the right to dissolve a lease is subject to judicial control according to the circumstances and reversed the lower court's judgment cancelling the lease for failure to timely pay the rent.
In Baham v. Faust, 333 So.2d 261 (La. App. 1st Cir. 1976), the rent was due on February 28, 1975. The rent was not received by the lessor's attorney until March 8, 1975 and was refused at that time. The First Circuit quoted LSA-C.C. Art. 2710[1] and 2712 but noted that dissolution of a lease is subject to judicial control according to the circumstances. The court discovered there was no place of payment noted in the lease and no custom of payment at a particular location. The lessor was therefore required to collect the rent at defendant's dwelling, according to LSA-C.C. art. 2157.[2] There was evidence of the lessee's willingness to pay, and the court concluded the lessor cannot create a cause of action by not collecting the rent. Judicial control was therefore exercised to prevent cancellation of the lease for non-payment of rent.
In Belvin v. Sikes, 2 So.2d 65 (La.App.2d Cir. 1941), the defendants-lessors reconvened against the plaintiff-lessee asking for a dissolution of the lease because of nonpayment of rent. Plaintiff owed rent twice yearlyon March 1 and on September 1. On February 28, 1939, plaintiff paid defendants the rent that was to discharge the rent up to September 1, 1939. However, the receipt erroneously read "in full payment of lease up to Oct. 1, 1939." On October 2, 1939 plaintiff tendered the amount which would have paid the rent until March 1, 1940. This tender was refused, and defendant told plaintiff the lease was terminated due to non-payment of rent and plaintiff was expected to vacate. The Second Circuit found the October 2 tender prevented the lease from lapsing and continued the life of the lease. The court found that plaintiff relied in good faith upon the receipt stating the rent was paid up until October 1, 1939. The court also invoked the rule that the right to dissolve a lease is subject to judicial control according to the circumstances.
In Tullier, supra, the lessee failed to pay the rent due December 1, 1975 and January 1, 1976. Two notices of default, as required by the lease contract, were mailed to the lessee. On March 1, 1976 the lessee wired the lessor a sum sufficient to pay the 1975 property taxes, attorney fees, and rentals due through April, 1976. The lessor received the funds on March 3, 1976 but refused to accept them. The opinion is not clear as to the receipt of the default notices, required by the lease, by the tenant who was an assignee of an assignee of the original lessee. However, the opinion states the payment made following the default notices was untimely due to no fault of the tenant because of a malfunction of the transmittal device of the bank which forwarded the funds and because of Mardi Gras, a bank holiday. The lessor then sued for dissolution of the lease due to non-payment of rent. The First Circuit found that the lessee had made a good faith effort to cure its default by submitting the rentals and paying the taxes. Because of the lack of favor with which abrogation of leases is looked upon by the law, and due to the judicial control exercised by the courts over the cancellation of leases, the court refused to cancel the lease.
*805 The Third Circuit reversed a lease cancellation in Housing Authority of the City of Lake Charles v. Minor, 355 So.2d 271 (La. App.3d Cir. 1977). On May 9, 1977 the lessee's wife had timely paid the rent with a third-party check from the lessee's employer. May 9 was the last day on which the May rent could have been timely paid. The check was returned for "not sufficient funds" on May 13, 1977, and on the same day a written notice to vacate for non-payment of rent was delivered to the lessee's wife. The lessee's wife paid the rent the following Monday. The lessor deposited the check into an escrow account pending the eviction proceedings. The Third Circuit noted that on the basis of equity courts are vested with discretion to decline to grant a lessor cancellation of a lease although the right appears otherwise available to him. The circumstances here were such as to require a reversal of the cancellation of the lease. See Farmers Gas Company v. LaHaye, 195 So.2d 329 (La.App.3d Cir. 1967).
Defendant here erroneously believed the rent had been paid by his wife. When he discovered his error, he immediately attempted to cure the default by mailing plaintiff a check for the rent. The end of the ten day grace period was March 5, 1980. Five days later, on March 10, 1980, defendant became aware of the error in non-payment and mailed plaintiff a check for the rent. Defendant did not receive notice of plaintiff's amended petition requesting cancellation for non-payment of rent until March 13, 1980. Plaintiff had amended the petition on March 6, 1980, the day after the ten day grace period had ended. Defendant had not received plaintiff's eviction letter dated March 10, 1980 at the time he mailed the rent check.
Defendant has an on-going restaurant business. Apparently it is a fairly successful operation since the rent payment is $650 per month. Defendant had been in the restaurant for two years and there is no indication in the record that he had ever failed before to timely pay his rent. Defendant wants to continue his business. He tried in good faith to correct his error by tendering the rent before notice of a suit was served.
This case appears to be a proper one for the application of the doctrine of judicial control of cancellation of leases. Although plaintiff appears to be entitled to a rescission of the lease due to untimely payment of rent, we find that equity requires us to deny the lessor cancellation of the lease. Plaintiff did not demand from defendant the past due rent and give him an opportunity to pay it before taking action to terminate the lease and evict defendant. The short length of time involved in the nonpayment and the good faith efforts of defendant to correct his error convince us that this lease should not be cancelled, and we so hold.
The judgment of eviction is REVERSED at appellee's cost.
NOTES
[1] LSA-C.C. art. 2710"The lessee is bound:

1. To enjoy the thing leased as a good administrator, according to the use for which it was intended by the lease.
2. To pay the rent at the terms agreed on."
[2] LSA-C.C. art. 2157"The payment must be made in the place specified in the agreement. If the place be not thus specified, the payment, in case of a certain and determinate substance, must be made in the place where was, at the time of the agreement, the thing which is the object of it.

These two cases excepted, the payment must be made at the dwelling of the debtor."