LEAR, Judge.
J. Randolph Ogden appeals from adverse summary judgments entered below in these consolidated suits on notes totaling $134,-360.00. Talmadge D. Bickham, Jr. and his wife, Marie McCauley Bickham, plaintiffs-appellees, instituted these actions alleging that defendant-appellant, Ogden, purchased from them on November 16,1978, a tract of land situated in East Feliciana Parish measuring 230 acres more or less for the price of $225,681.00. Ogden paid $45,996.00 in cash, and, for a portion of the purchase price, namely, $77,625.00, he agreed to hold Talmadge Bickham, Jr. free and harmless from the payment of the balance due on three certain promissory notes made and executed by Talmadge Bicham, Jr., to the order of Thomas Woodside, Bickham’s ancestor in title to the above described estate. The three notes bore maturity dates of November 10, 1979, November 10, 1980, and November 10,1981, and were payable in the amounts of $32,300.00, $32,300.00 and $13,-025.00, respectively. These notes, though payable to Thomas Woodside, did not designate a place of payment. Ogden assumed the obligation to pay and further executed a promissory note in the amount of $102,-060.00, bearing an interest rate of 8Vi% per annum. This amount was payable in four annual installments of $25,515.15. The first payment was due on November 16, 1979.
On October 30, 1979, plaintiff-appellee, Bickham, wrote to defendant-appellant, Ogden, to remind him of the maturity date of the notes described above. Ogden was out of town, but responded through his secretary on November 13, 1979, assuring Bick-ham that payment would be made upon Ogden’s return and requesting the exact amount due so that the checks could be made out. As per the letter, Ogden returned on November 19, 1979, and immediately sent two checks to Bickham in care of his attorneys.
*1316 Bickham made no reply to the letter, but apparently instructed his attorneys to institute legal action against Ogden. Suits were filed on November 20, 1979, one day after payment was mailed by Ogden.
Motions for summary judgment were filed and were opposed by defendant-appellant, Ogden. The trial court, nevertheless, granted summary judgment in favor of Bickham.
Appellant urges that the trial court erred in granting summary judgment for several reasons, to-wit: No place of payment was specified on the note and because tender had been made prior to legal demand.
Plaintiffs-appellees attempted to establish their case through affidavits. We have examined the pleadings and affidavits and because we are of the opinion that several issues of material fact remain to be tried, we find that the case is one inappropriate for summary judgment. Therefore, we reverse and remand.
Appellant was faced primarily with two obligations in the month of November, 1979: (1) Payment of the November 10, 1979, note in the principal sum of $32,300.00 plus interest to Thomas Woodside and (2) payment of the November 16, 1979, installment note in the principal sum of $25,515.15 plus interest to Talmadge and Marie Bick-ham.
Appellant raises a serious question about the November 10, 1979, obligation which clearly raises a genuine issue yet to be tried. A review of the record places squarely at issue the place of payment of the note. The resolution of this issue affects materially the ultimate issue of whether or not appellant was in default on his obligation.[1] Edwards v. Standard Oil Company of Louisiana, 175 La. 720, 144 So. 430 (La.1932). Appellee’s allegations that Woodside had demanded payment of the November 10, 1979, obligation is also a material issue which appellant is entitled to try.
The November 16, 1979, obligation was preceded by appellant’s letter of November 13, 1979, clearly evincing an intendment to pay. Appellant is deprived of his right to adduce evidence to show that he was perhaps lured into a false sense of security by the failure of appellees to communicate a rejection of the contents of the letter. These nuances are not capable of being distilled and weighed through the medium of summary judgment.
Finally, even if appellees should prevail after trial on the merits, appellants have raised serious questions about the measure of attorney’s fees under the circumstances of this case and in light of Guaranty Bank & Trust Company v. Quad Drilling Corp., 284 So.2d 351 (La.App. 1st Cir. 1973), writs refused 284 So.2d 767 (La.1973). We pre-termit any discussion thereof at this time, in view of our decision to reverse and remand.
For the foregoing reasons, the decision of the lower court is reversed and the cause is remanded for further proceedings. Plaintiff-appellees are to pay all costs of these proceedings.
REVERSED AND REMANDED.

. Civil Code Article 2157 provides:
“The payment must be made in the place specified in the agreement. If the place be not thus specified, the payment, in case of a certain and determinate substance, must be made in the place where was, at the time of the agreement, the thing which is the object of it.
“These two cases excepted, the payment must be made at the dwelling of the debtor.”