444 So.2d 642 (1983)
Lazard GOLDBLUM (Lazard, Inc.)
v.
C & C INVESTMENTS (Meditrust, Inc.,/Carolyn, Ltd.)
Nos. 83-CA-359, 83-CA-459.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1983.
Rehearing Denied February 17, 1984.
Writ Denied April 2, 1984.
Daniel A. Post, Metairie and William M. Detweiler, New Orleans, for appellants.
Harold J. Aronson, New Orleans, for appellee.
Lanny R. Zatzkis, New Orleans, for defendant-appellee.
Before BOUTALL, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
The primary issue on appeal in these consolidated proceedings is whether the district court judge erroneously dismissed a petition for eviction and possession of leased premises. We affirm.
The plaintiff in the first and main suit is C & C Investments, which originally leased (in 1972) the property at 3020 Severn Avenue in Metairie, Louisiana, from L.J. Aiavolasiti. *643 In 1975, C & C Investments sublet the property to Lazard Goldblum, who in turn (in 1981) sublet to Laurand, Inc., which currently occupies these commercial premises.
C & C Investments sued Goldblum contending that Laurand had physically altered the leased site without C & C Investments' prior written approval, as called for in the agreement between C & C Investments and Goldblum.
The second suit was filed by Goldblum against C & C Investments, asking for a declaratory judgment giving Goldblum the right to exercise his option and to renew the lease agreement between him and C & C Investments.
The trial judge:
(1) Dismissed C & C Investments petition for eviction and possession of premises, and
(2) Recognized Goldblum's right to exercise his option and renew the lease agreement between him and C & C Investments.
C & C Investments' position is that Goldblum breached this clause of the C & C Investments-to-Goldblum contract:
"Lessee is obligated not to make any additions or alteration whatever to the leased premises without written permission."
After moving in, Laurand advised Goldblum by letter of its plans to remove a wall and thereby connect the leased site to the adjacent area. The letter stated:
"... before any work is done ..., the plans ... will first be submitted to you and that all costs for the work will be paid for by us. It is further agreed that at the termination of our lease ..., your property will be replaced in its present condition at our expense."
Goldblum gave conditional assent, pending submission of the plans and specifications. Although plans were not forwarded, Laurand went ahead with its alterations, opening a 12-foot wide passageway between the leased premises and 3000 Severn Avenue, thereby enlarging Laurand's business area.
Subsequently, Aiavolasiti executed two affidavits, agreeing to the alterations and saying that he "... specifically holds C & C Investments and Mr. Goldblum harmless..."
Nonetheless, C & C Investments asked the district court to strictly enforce its agreement with Goldblum, contending that the contract was not ambiguous and that agreements should not be controverted by either the parties or the court.
No doubt there was a technical violation of the contract, as the premises had been structurally changed without C & C Investments' written consent. However, voiding of lease agreements are not favored by the law, particularly for technical infringements. See Stoltz v. McConnell, 202 So.2d 451 (La.App.4th Cir.1967), Atkinson v. Richeson, 393 So.2d 801 (La.App. 2nd Cir.1981) and many other cases with similar holdings.
Both Dr. and Mrs. Chuck Cucchiara of C & C Investments admitted that they have not been hurt by the alterations.
The Supreme Court of Louisiana has stated that the right to dissolve a lease is subject to judicial control according to the circumstances of each case. Brewer v. Forest Gravel Co., 172 La. 828, 135 So. 372 (1931). Also, Baham v. Faust, 333 So.2d 261 (La.App. 1st Cir.1976) and Hebert v. Brasseaux, 399 So.2d 778 (La.App. 3rd Cir. 1981).
From the Herbert opinion:
"... our courts, on the basis of equity, are vested with discretion under some circumstances to decline to grant a lessor cancellation of a lease although such right appears to be otherwise available to him."
Here, C & C Investments proved a technical breach but could show no damages or threat to its legal position in the chain of leases leading from Aiavolasiti to Laurand.
Considering the particular facts and circumstances of this case, including Aiavolasiti's hold harmless agreement, we cannot say that the trial judge erred in refusing to *644 cancel the C & C Investments-to-Goldblum lease. The appealed-from judgments are affirmed, with C & C Investments to bear all costs.
AFFIRMED.