MOTION TO DISMISS
DOUCET, Judge.
The plaintiff-appellee, Newport-Nichols Enterprises, moves to dismiss the suspen-sive appeal of the defendant-appellant, Grimes, Austin & Stark, Inc., on the grounds that the requirements of Louisiana Code of Civil Procedure Article 4735 have not been complied with.
The plaintiff initiated summary proceedings, under Louisiana Code of Civil Procedure 4731, to evict the defendant from plaintiff’s premises for violating certain terms of its lease, more particularly for failing to obtain insurance. The defendant responded to the rule for eviction with exceptions of lis pendens and improper use of summary process as the plaintiff had already instituted the same action against the defendant by ordinary process.
At the hearing on the rule for eviction, the plaintiff dismissed the original suit causing the court to overrule the defendant’s exceptions. After the hearing, the defendant notified the plaintiff of its intent to seek leave of court to file an answer. The plaintiff did not object and the court granted the leave. The defendant’s answer was filed before the judgment on the rule was rendered. The judgment rescinded the lease and ordered the defendant to vacate the premises within twenty-four hours. *113 The defendant timely obtained a suspensive appeal.
The plaintiff contends that the appeal should be dismissed on the grounds that the requirements of Louisiana Code of Civil Procedure Article 4735 has not been complied with.
Louisiana Code of Civil Procedure Article 4735 provides in pertinent part as follows:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, ...”
The plaintiff contends the defendant did not timely file an answer to the rule for eviction.
There is ordinarily no requirement for an answer to a rule. LSA-C.C.P. Art. 2593. In eviction proceedings, however, LSA-C.C.P. Art. 4735, mandates a sworn answer asserting an affirmative defense as a prerequisite for a suspensive appeal. Article 4735 contains no provision concerning the time for filing the answer. Therefore, the rules applicable to ordinary proceedings govern. LSA-C.C.P. Art. 2596. Vuci v. Nathans, 357 So.2d 561 (La.App. 1st Cir.1978). Under the rules applicable to ordinary proceedings, Louisiana Code of Civil Procedure Article 1001 provides in pertinent part:
“The court may grant additional time for answering.” After the hearing on the rule for eviction, the defendant notified the plaintiff of its intent to seek leave of court to file an answer. The plaintiff did not object and the court granted the leave. The defendant’s answer was filed before the judgment was rendered. Because the court granted additional time for answering, the defendant’s answer was timely for the purpose of applying for a suspensive appeal under Louisiana Code of Civil Procedure Article 4735.
The plaintiff further contends that the answer was not filed under oath.
The defendant’s answer was verified by the attached affidavit of Frank McCutcheon which was taken under oath. Frank McCutcheon is an Executive Vice President for GAMB, Inc., the managing agent for the defendant corporation, and the Assistant Vice President of the defendant corporation who, by a corporate resolution, had the authority to execute the appeal bond for the corporation. Based on these facts it is apparent that Frank McCutcheon had the authority or at least the consent of the defendant corporation to file the answer on its behalf so that a suspensive appeal could be obtained. Therefore, the defendant answered the rule under oath in accordance with Louisiana Code of Civil Procedure Article 4735 as the answer was verified by Frank McCut-cheon’s affidavit.
The plaintiff further contends that the defendant’s answer did not set forth an affirmative defense.
An affirmative defense is one which raises a new matter not covered by the plaintiff’s petition and which will defeat the plaintiff’s demand on its merits, even if the plaintiff proves all of the allegations in his petition. Modicut v. Bremer, 398 So.2d 570 (La.App. 1st Cir.1980).
The plaintiff alleges the defendant breached the terms of the lease by not providing evidence of insurance and seeks a termination of the lease. In its answer, the defendant contends that the lease should not be terminated because it made good faith efforts to comply with the lease and because the breach of failing to furnish evidence of insurance is immaterial. The defendant has cited cases where, under the doctrine of judicial control, technical violations of a lease contract did not warrant the dissolution of the lease and good faith efforts to comply with the terms of the lease prevented its dissolution.
Edwards v. Standard Oil of Louisiana, 175 La. 720, 144 So. 430 (1932); Brewer v. Forrest Gravel Company, 172 La. 828, 135 So. 372 (1931); Atkinson v. Richeson, 393 So.2d 801 (La.App. 2nd Cir. 1981); Housing Auth. of City of Lake Charles v. Minor, 355 So.2d 271 (La.App. *114 3rd Cir.1977); Arbo v. Jankowski, 39 So.2d 458 (La.App.Orl.1949). Also, those cases point out that lease cancellations are not favored in Louisiana law and that the right to dissolve a lease is subject to judicial control according to the circumstances. The defendant’s defense of judicial control creates an issue of materiality of the breach which is not covered by plaintiff's petition. Also, plaintiffs demand to terminate the lease may be defeated should a court find the breach to be immaterial under the doctrine of judicial control. Therefore, we find the defendant has alleged an affirmative defense to meet the requirements of Louisiana Code of Civil Procedure Article 4735.
Therefore, we find the defendant has complied with all of the requirements of Louisiana Code of Civil Procedure Article 4735 and is entitled to a suspensive appeal.
For the foregoing reasons, the plaintiff-appellee’s motion to dismiss the appeal is denied.
MOTION DENIED.