FORET, Judge.
This is a summary proceeding for eviction for failure to pay rent timely. Plaintiffs/lessors, Anna Olivia Boudreaux Met-zinger and Louise Ruth Boudreaux Garcia, brought suit to evict defendants/lessees, Charles V. Bundrick and his wife, Mary Margaret Baudier Bundrick, from a three and one-half acre tract of land located in Lafayette Parish[1]. Prior to lessors’ filing *668 this suit, the lessees had filed a suit for declaratory judgment (15th Judicial District Court Docket No. 846900A) because of lessors’ refusal to accept their tender of rent. On February 4, 1985, the district court rendered a judgment in those proceedings authorizing the lessees to deposit into the court’s registry all further rent payments and allowing the lessors to withdraw rental deposits without prejudice to their rights. Several of the rental payments which lessees deposited into the registry of the court were made after the date on which they were due according to the lease. On June 19, 1985, the lessors filed this action for eviction. After a hearing on the matter, the trial court rendered judgment, on October 14, 1985, in favor of lessees, denying lessors’ demand for termination of the lease and eviction. Plaintiffs-lessors have appealed.
This appeal raises the following issues:
(1) Whether the court erred in admitting testimony regarding factors other than the payment of rent; and
(2) Whether the trial court erred in not terminating the lease because of lessees’ failure to pay the rent when due.
FACTS
During the summer of 1980, lessees, Charles and Mary Bundrick, entered into a lease agreement with Blanche Martin, the mother of the present lessors. This lease was for a primary term of ten years with an option to renew for two additional five-year periods. The monthly rental for the first five years was set at $150 per month and increased to $250 per month for the second five years. All rent payments were due on the first of each month. The lease also required lessees, as additional consideration, to improve the lease tract by “upgrading and raising the back portions” of the tract. Over the next three years, however, the lessees developed a custom of making late payments, apparently without objection from Mrs. Martin. Following Mrs. Martin’s death and the transfer of ownership to her daughters (plaintiffs in this suit), lessees received notice that no more late payments would be accepted. Following this notice, lessors rejected timely tenders of monthly rent and, as previously noted, lessees filed suit for declaratory judgment, which resulted in the district court’s rendering a judgment authorizing lessees to deposit their monthly rental payments in the district court’s registry pending a further decision of the court regarding the validity of the lease agreement.
Following the rendition of the judgment, lessees began paying their monthly rental into the court’s registry. Court records, however, show that several of these payments were made after they came due. The March, 1985 rental payment which, according to the lease, was due on March 1 was not received until April 1, 1985, and the April payment was not deposited into the court’s registry until April 3, two days after it was due. Beginning in June and in accordance with the lease, the rental payments increased to $250 per month. June rent was deposited in two installments; $150 paid on June 4 and $100 paid on June 10. Based on these late payments, lessors filed suit to terminate the lease and evict the lessees.
SCOPE OF THE COURT’S INQUIRY
Lessors contend that the trial court erred when it allowed lessees to introduce evidence regarding matters other than the payment of the rent. Specifically, they argue that it was improper for the court to allow evidence regarding lessees’ improvement of the property. In support of their contention, lessors cite Roussel v. Dalche, 158 La. 742, 104 So. 637 (1925) and Vicknair v. Watson-Pitchford, Inc., 348 So.2d 695 (La.App. 1 Cir.1977). Lessors’ reliance on these cases is misplaced. Both cases hold that a lessee cannot defeat his lessor’s right to summary action for eviction by injecting issues foreign to the one issue involved. In the present case, testimony *669 concerning lessees’ improvement of the property was not foreign to the issue before the court, i.e., the termination of the lease and eviction of lessees.
Although ordinarily a lessor may dissolve a lease for failure of the tenant to pay the rent properly when due, this right to dissolve the lease is subject to judicial control. Baham v. Faust, 333 So.2d 261 (La.App. 1 Cir.1976); Lemoine v. Devillier, 189 So.2d 694 (La.App. 3 Cir.1966), writ refused, 249 La. 751, 190 So.2d 913 (1966); Brewer v. Forest Gravel Company, Inc., 172 La. 828, 135 So. 372 (1931); Edwards v. Standard Oil Co. of Louisiana, 175 La. 720, 144 So. 430 (1932). On the basis of equity, courts are vested with the discretion to decline to grant a lessor cancellation of the lease although he otherwise is entitled to it. Housing Authority of City of Lake Charles v. Minor, 355 So.2d 271 (La. App. 3 Cir.1977), writ refused, 355 So.2d 1323 (La.1978).
In the present case, although lessees’ failure to make rental payments timely would ordinarily entitle lessors to cancel the lease, the trial court had to determine if it should refuse to terminate the lease based on equitable considerations. To this end, evidence regarding work which lessees performed on the leased tract as part of the consideration for the lease was relevant.
Lessors have argued that they did not have the opportunity to rebut lessees’ evidence concerning the amount of work lessees had performed in improving the property. At trial, lessors attempted to introduce a letter from a party who owned land near the leased tract which allegedly disputed lessees’ claims regarding the amount of work done to improve the property. This letter was clearly hearsay, and the trial court properly refused to allow it into evidence. Except for excluding this clearly inadmissible evidence, the trial court did not prevent lessors from rebutting lessees’ testimony regarding their improvement of the property. The trial court was not responsible for lessors’ failure to produce admissible evidence in rebuttal.
TERMINATION OF THE LEASE
Lessors sought termination of the lease based on lessees’ failure to make three rental payments on time. At the time these payments came due, lessees, pursuant to court order, were depositing the rental payments into the registry of the district court. In rendering its decision in this case, the lower court apparently concluded that since the judgment authorizing the deposit of rental payments in the court’s registry specified no date when they were due, these rental payments were no longer due on the first of each month. We cannot agree with this conclusion.
The time for making the rental payments was specified in the contract of lease. This stipulation concerning the time for making rental payments had the effect of law for the parties. See LSA-C.C. art. 1983. A lessee is bound to pay the rent at the terms agreed upon. LSA-C.C. art. 2710. Although silent as to the date rental payments were due, the judgment did not purport to alter the terms of the lease in this regard. The rent continued to be due on the first of each month. Lessees’ failure to pay the rent at the time stipulated in the lease gave the lessors the right to terminate the lease and to evict lessees.
Of course, as we have noted above, this right is subject to judicial control. Accordingly, we have examined the equities which weigh in favor of the continuation of the lease. We have noted that lessees have performed considerable work on the leased tract, and that the termination of the lease will require them to remove improvements and equipment they have placed on the property. Nevertheless, we conclude that the lease should be terminated.
There is no doubt that lessees did not promptly pay the rent for March, April, and June of 1985. As to the June payment, they contended that they delivered the money for that payment to their former *670 attorney on time and that it was due to his fault that the payment was late. However, as to the payments of March and April of 1985, they have offered no explanation for their late payments[2]. Lessors had put lessees on notice that late payments would no longer be accepted. Lessees, themselves, brought suit to, in effect, force lessors to accept timely payments and, in accordance with lessees’ prayer, the district court allowed them to deposit their monthly rental payments in the court’s registry. Despite all this, lessees continued in their habit of making late payments. Under the circumstances, the equities do not weigh in lessees’ favor, and lessors are entitled to terminate the lease and evict lessees. The trial court should have terminated the lease and ordered lessees’ eviction.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, vacated, and set aside; and accordingly,
IT IS ORDERED, ADJUDGED AND DECREED that the lease in favor of Charles V. Bundrick and Mary Margaret Baudier Bundrick on the below described property be and it is hereby cancelled and terminated, and the defendants are ordered evicted from the said property in accordance with law:
That certain parcel of ground situated in Section 48, T-9-S, R-5-E of the Parish of Lafayette, State of Louisiana, and which plot of ground has a frontage on U.S. Hwy. 167 of 270 feet by a depth between parallel lines of 550 feet and which property is bounded on the North by Charles Bundrick, South by James Krantz, East by U.S. Hwy. 167, and on the West by the remaining properties of Blanche Marie Martin.
Costs of this appeal and at the trial level are assessed against defendants-appellees, Charles V. Bundrick and Mary Margaret Baudier Bundrick.
REVERSED AND RENDERED.

. That certain parcel of ground situated in Section 48, Township 9 South, Range 5 East of the Parish of Lafayette, State of Louisiana and which plot of ground has a frontage on U.S. Highway 167 of 270 feet by a depth between parallel lines of 550 feet and which property is bounded on the North by Charles Bundrick, on the South by James Krantz, on the East by U.S. *668 Highway 167 and on the West by the remaining properties of Blanche Marie Martin.

. There is some dispute as to whether the lease required that the lessees fail to make at least two consecutive payments before the lessors could elect to terminate the lease. However, since lessees did fail to promptly pay two consecutive payments, we need not address this question of contract interpretation.