195 So.2d 329 (1967)
FARMERS GAS COMPANY, Inc., Plaintiff and Appellant,
v.
A. G. LaHAYE and Elvin LaHaye, Defendants and Appellees.
No. 1931.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1967.
*330 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Veil D. DeVillier, Eunice, for defendants-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiff, Farmers Gas Company, Inc., as lessee under a written lease providing an option to purchase the property, filed this suit against the lessors, A. G. LaHaye and Elvin LaHaye, for specific performance of the option. Defendants filed an answer and reconventional demand, alleging that the lease terminated for plaintiff's failure to pay the rent; that plaintiff was therefore not entitled to exercise the option to purchase; and that plaintiff should be ordered to vacate the premises. After a trial on the merits the district judge denied plaintiff's petition for specific performance and ordered it to vacate the premises. Plaintiff appealed.
The issues concern plaintiff's contentions that: (1) The lessors' request for cancellation of the lease must fail because the rent was tendered before suit for cancellation (the reconventional demand) was filed, citing Edwards v. Standard Oil Company of Louisiana, 175 La. 720, 144 So. 430 (1932); (2) that the lessors are estopped to demand cancellation by their conduct over the years in accepting rent long after its due date; and (3) that, in any event, cancellation of a lease is subject to judicial control according to the circumstances, and the equities in this case require that the lease be canceled as of a date subsequent to plaintiff's exercise of its option to purchase.
The facts show that on August 2, 1956 the LaHayes leased to Farmers Gas Company, Inc. one acre of land for use in a liquified petroleum gas business. The term of the lease was ten years, beginning August 15, 1956 and ending August 15, 1966 at an annual rental of $50, payable in advance on August 15 of each year. The lease contained an option in favor of the lessee to purchase the land at any time during the term of the lease for the price of $1,000, the sale to be "passed" within ten days of notice to the lessors.
The district judge correctly found that up until 1964 the rent was paid late every year, by as much as one to three months. However, defendants contend that they complained of the late payment every year and finally, due to a fear that plaintiff's business was "going bad", they notified the plaintiff that the rent due August 15, 1965 would have to be paid promptly. The evidence as to this notice is conflicting and involves an evaluation of the credibility of the witnesses. However, we find no manifest error in the trial judge's finding of fact that defendants *331 notified plaintiff the rent due on August 15, 1965 had to be paid promptly, despite whatever custom had existed in the past of accepting the rent late. Under our jurisprudence, this destroys the estoppel effect of whatever custom had developed of accepting late rental payments. Standard Brewing Company v. Anderson, 121 La. 935, 46 So. 926 (1908); Corale v. Marrero Land & Improvement Association, Ltd., 137 So.2d 387 (La.App. 4th Cir.); Goldblum v. Harden, 188 So.2d 630 (4th Cir. 1966).
The rental of $50 was not paid on August 15, 1965. Hence, on September 23, 1965, defendants gave written notice to plaintiff to vacate the premises for failure to pay the rent. On October 4, 1965, plaintiff mailed to defendants a check for said rental, but defendants refused to accept the payment and returned the check.
On November 16, 1965, plaintiff gave defendants written notice of its desire to exercise the option to purchase the property for $1,000. Defendants refused to comply with the request to purchase within ten days, as provided in the lease. Consequently, plaintiff instituted the present suit for specific performance on November 30, 1965, depositing the purchase price of $1,000 in the registry of the court.
Defendants didn't file their answer and reconventional demand until March 24, 1966. They alleged that the rental due August 15, 1965 was not tendered until October 4, 1965, some fifty days late, and only after notice to vacate the premises had been mailed to petitioner; and that the lease was terminated for failure to pay the rent before plaintiff's notice of November 16, 1965 seeking to exercise the option. Defendants prayed that plaintiff's demand for specific performance be rejected and that plaintiff be evicted from the premises.
Judgment was rendered in the lower court on September 19, 1966 rejecting plaintiff's demands for specific performance and ordering plaintiff to vacate the premises within sixty days after the date of judgment which, actually, would be after the ten year term of the lease expired on August 15, 1966.
Plaintiff argues that Edwards v. Standard Oil Company of Louisiana, 175 La. 720, 144 So. 430 (1932) is controlling. There the plaintiff leased to defendant a filling station for a term of two years, commencing August 1, 1930, at a monthly rental of 1¢ per gallon of gasoline sold on the premises, and payable on the 15th day of each month following that in which the products were sold. Plaintiff filed a suit for cancellation of the lease on the grounds that the rental due July 15, 1931 was not paid. The facts showed that on July 10, 1931, five days before the rent was due, defendant mailed a check to plaintiff for the rental of $35.19 due on July 15, 1931. But, due to a delay in the mail the check did not reach the plaintiff until July 21, 1931. Plaintiff refused to accept the check and returned it to defendant. The facts also showed that the lease did not provide where the rent was to be paid, under which circumstances the law presumes that it be paid at the leased premises, LSA-C.C. 2157. Defendant did not make any demand for payment of the rent at the leased premises or otherwise.
In the course of its opinion in the Edwards case, the court states that "by formally tendering the rent after maturity, but prior to default and to the filing of this action, the defendant effectively stripped the landlord of his right to cancel the lease on the ground alleged." It is this statement on which the plaintiff in the present case relies for the proposition that when the rent is tendered prior to default and the filing of the suit for cancellation, the lease cannot be canceled.
Our interpretation of the Edwards case is that this was just one of the factors which the court considered. Because, in concluding its decision, the court cited several cases holding that the dissolution of leases for failure to pay rent is subject to judicial control according to the circumstances and *332 concluded that the lessor here was not entitled to cancellation. This is the substantial holding of the Edwards case.
Plaintiff's final contention is that, under all the circumstances of this case, the lease should not be canceled. We agree that under the peculiar facts here involved this argument has some merit and have concluded that the lease should be canceled only as of the date of defendants' judicial demand for cancellation of the lease, i. e. March 24, 1966, which was long after plaintiff exercised its option on November 16, 1965. We note particularly the following circumstances: (1) The plaintiff spent about $7,000 improving the property, by hauling 300 loads of fill dirt and gravel and erecting storage tanks; (2) Plaintiff paid the rent, although late, for nine years and undoubtedly relied on its being able to exercise the option to purchase this one acre of land on which it had expended a considerable sum of money; (3) Plaintiff did not actually know that defendants were going to try to cancel the lease until they received the notice to vacate on September 23, 1965 and plaintiff then tendered the rent on October 4, 1965; (4) Plaintiff then promptly gave notice on November 16, 1965 of its exercise of the option; (5) Plaintiff filed this suit for specific performance on November 30, 1965; (6) Defendants didn't file their answer and reconventional demand until March 24, 1966 seeking judicial cancellation of the lease, which meant that plaintiff remained on the premises all this time without knowing what judicial position the defendants were going to take; (7) The trial court judgment was not rendered until September 19, 1966 ordering plaintiff to vacate the premises sixty days later, both of which dates were actually after the term of the lease expired on August 15, 1966; (8) Plaintiff is still occupying the premises.
In view of these equitable considerations, we have concluded that the lease should be canceled only as of the date of defendants' judicial demand for cancellation, i. e. when they filed their reconventional demand on March 24, 1966. This date was subsequent to the exercise of the option and hence plaintiff is entitled to specific performance thereof. This disposition of the case is clearly authorized under the jurisprudence that the cancellation of leases is subject to judicial control according to the circumstances. Edwards v. Standard Oil Company of Louisiana, supra, and cases cited therein; Touchet v. Humble Oil & Refining Co., D.C., 191 F. Supp. 291.
Of course, defendants are entitled to their rental of $50, due on August 15, 1965, for the tenth year of the lease.
For the reasons assigned, the judgment of the district court is amended and recast to read as follows: It is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Farmers Gas Company, Inc., and against the defendants, A. G. LaHaye and Elvin LaHaye, ordering said defendants to specifically perform that portion of the lease of August 2, 1956 whereby the defendant lessors granted to the plaintiff lessee the exclusive option to purchase, at any time during the term of the lease, for the stipulated price of $1,000 the following described property situated in the Parish of Evangeline, State of Louisiana and described as:
A certain tract or parcel of land situated in the Southeast angle of Highway 571 and the Chicago Rock Island and Pacific Railroad right of way, containing exactly one (1) square acre, bounded now or formerly North by Louisiana Highway 571, South by Lessors, East by Lessors, and West by said Railroad right of way.
The said sale is to contain the customary warranties and is to be passed within ten days from the date this judgment becomes final. Upon defendants' failure to timely execute said deed, this judgment shall stand in lieu thereof. Defendants are authorized to withdraw from the registry of the court the sum of $1,000 deposited therein as the purchase price upon execution of said deed, *333 or this judgment taking effect in lieu thereof, whichever is applicable.
It is further ordered, adjudged and decreed that said lease of August 2, 1956 between the parties be canceled as of March 24, 1966, which date is subsequent to the notice by plaintiff to exercise its option to purchase the property.
The right is reserved to defendants to collect the unpaid rent in the sum of $50 which was due August 15, 1965 for the final year of the lease.
Costs of the district court and of this court are assessed one-half to plaintiff and one-half to defendants.
Amended, recast and rendered.