ELLIS, Judge:
In this suit, plaintiff Russell Dorsa is asking for rescission of a lease entered into *259 by him with John R. Musso and Robert Parent, eviction of the lessees, and attorney’s fees. The lease in question was entered into on August 15, 1969, and provided for a primary term of 10 years. Rental payments of $125.00 per month, payable in advance on the 15th day of each month were provided, but no place of payment is stipulated in the lease. It is further provided that if any payment of rent is not made when due, the lessor has the right to declare the lease terminated.. On March 6, 1974, the lease was amended to delete a portion of the leased property therefrom, and the rental was reduced to $100.00 per month.
Mr. Musso and Mr. Parent were partners in the operation of a car wash on the leased premises. From the inception of the lease until the month of April, 1976, the car wash was under the immediate management of Mr. Parent, who kept the books and made the rental payments. During that time, he made all payments to the lessor at Mr. Dorsa’s store, which was adjacent to the leased premises. The record reflects that between August 15, 1969, and April 15, 1976, four rent payments were not made on time, three being made on the 16th of the month and one on the 18th.
In April, 1976, Mr. Musso took over the operation of the car wash from Mr. Parent. He did not tender the rent due on May 15, 1976, until May 23rd. Mr. Dorsa refused to accept the tender and instituted this suit against both lessees.
Mr. Musso interposed a number of defenses to the suit. Mr. Parent, however, admitted all allegations of the petition. After trial on the merits, judgment was rendered in favor of plaintiff and against defendants, declaring the lease terminated, and granting lessees 60 days within which to remove their improvements from the leased property. From this judgment, Mr. Musso has appealed.
The first specification of error is directed at the failure of the trial judge to find that a valid tender of rent, made after maturity, but before default and the filing of suit for cancellation of the lease destroys the right of the lessor to cancel the lease. In support of this rule, Mr. Musso cites the Edwards v. Standard Oil Co. of Louisiana, 175 La. 720, 144 So. 430 (1932), which contains the language to that effect. However, the case was decided on other grounds, and is not authority for the proposition for which cited. See Farmers Gas Company v. LaHaye, 195 So.2d 329 (La.App. 3rd Cir. 1967).
It is next contended that the rent was not untimely tendered since it was the duty of the lessor to demand payment thereof at the dwelling of the lessee.
Articles 2712 and 2157 of the Civil Code provide:
“Art. 2712. The lessee may be expelled from the property if he fails to pay the rent when it becomes due.”
“Art. 2157. The payment must be made in the place specified in the agreement. If the place be not thus specified, the payment, in case of a certain and deter-' minate substance, must be made in the place where was, at the time of the agreement, the thing which is the object of it.
“These two cases excepted, the payment must be made at the dwelling of the debtor.”
Absent any other circumstances, Article 2157, supra, requires that the lessor must go to the appropriate place to collect the rent, unless the lease specifies the place of payment.
However, when a custom of payment has been followed by the parties to a contract for a substantial period of time, and is acquiesced in by all of them, it has the effect of modifying the contract, and supplies the omission in the lease of fixing the place and method of payment. Saxton v. Para Rubber Co. of Louisiana, 166 La. 308, 117 So. 235 (1928).
In this case, it is clear that Mr. Parent made the rent payments for seven years by delivering the rent, by check or cash, to Mr. Dorsa at his store. We find this custom of payment is sufficient to so modify the contract' as to make it incumbent on the *260 lessees to make payment to Mr. Dorsa at bis store.
The final specification of error relates to the failure of the trial judge to find that Mr. Dorsa had accepted late payments of the rent on a number of occasions, sufficient to establish a custom, modifying the contract in that respect. The trial judge found that accepting four late payments in seven years did not establish such a custom. We find no error in his determination.
The judgment appealed from is therefore affirmed, at Mr. Musso’s cost.
AFFIRMED.