GUIDRY, Judge.
This is a suit for damages filed by Wayne A. Bernard, Sr., individually and as natural tutor of his minor children, Christine A. Bernard, Rebecca A. Bernard, and Kathleen M. Bernard, and Wayne A. Bernard, II.[1] Kansas City Southern Railway Company (hereafter Kansas City Southern), James A. Ambler, Joe Dowen, Joe Henry, Arthur R. Bynog, employees of Kansas City Southern, the Department of Highways, State of Louisiana, (hereafter the Department), Kathy Diane Bernard and the latter’s liability insurer, Allstate Insurance Company (hereafter Allstate) are named as defendants.[2] The several defendants filed third party demands against each other seeking indemnity and/or contribution in the event they were ultimately held liable to the principal *569 plaintiffs. Prior to trial, on motion of plaintiffs, this suit was dismissed as to James A. Ambler, Joe Dowen, and Joe Henry.[3]
This matter was tried to a jury as to all defendants except the Department, plaintiffs’.demands against the latter being tried to the judge in accordance with LSA-R.S. 13:5105. The jury’s findings were as follows:

“1. Was Kansas City Southern Railway Company, or any of its employees, negligent and, if so, was that negligence a proximate cause of the accident? ANSWER No

2. Was the automobile driver, Kathy Diane Bernard, negligent and, if so, was her negligence a proximate cause of the accident? ANSWER Yes

If the answer to both of the above questions is “NO”, do not answer the questions below. The case is over. If one or both of the above questions is answered “YES”, then you must answer the following questions.

3. What was the amount of damages, general and special, sustained by Wayne Anthony Bernard, II? ANSWER $68.-400.00

4. What was the amount of general damages sustained by Revecca Ann Bernard? ANSWER $265.642.00

5. What was the amount of special damages sustained by Wayne Anthony Bernard, Sr. as a result of the injuries sustained by Rebecca Ann Bernard? ANSWER $44.000.00 ”
The trial judge’s findings were as follows:
“After a careful review of the evidence and the applicable law, this Court has concluded that the parties asserting claims against Louisiana Department of Highways have failed to prove by a preponderance of the evidence that the Highway Department was guilty of any negligence that was a proximate cause of the accident that occurred on November 23, 1977 at the railroad crossing located on Louisiana Highway 110 at Singer, Louisiana. Accordingly, all claims against Louisiana Department of Highways will be rejected."
Judgment was rendered accordingly. Plaintiffs and Allstate have appealed and assign as error the bifurcated holding that Kansas City Southern and the Department were not guilty of any negligence that was a proximate cause of the accident giving rise to this suit. Additionally, Rebecca A. Bernard seeks to have the amount of damages awarded to her increased to the sum of $500,000.00.
FACTS
On November 23, 1977 at approximately 8:55 p.m., Mrs. Kathy Diane Bernard while driving a 1975 AMC Pacer automobile in a westerly direction on Highway 110 collided with a train owned and operated by Kansas City Southern near Singer, Louisiana in Beauregard Parish. In addition to Mrs. Bernard, the Bernard vehicle was occupied by four of her children, Kathleen, Christine, Rebecca, and Wayne A. Bernard, II.
The collision occurred at the point where two parallel railroad tracks, running north and south, cross Highway 110. This crossing is approximately 130 feet east of the junction of Highway 110 and La. Highway 27. A slight rise in the elevation of Highway 110 is evident at the location of the track. Just east of the railroad-highway intersection Highway 110 curves slightly to the right. As a motorist approaches this intersection traveling west there are nine reflectorized traffic control signs which seek to inform motorists of various traffic situations ahead. These nine traffic control signs were all in place on the date of the accident in question. The first sign encountered by a motorist is a so-called “object marker” used to mark obstructions within or adjacent to the roadway. Approximately 800 feet from the junction of Highway 110 and La. 27 is a speed limit sign instructing motorists to reduce their speed to 35 *570 m.p.h. Approximately thirty feet west of this speed limit sign is a railroad advance warning sign. Motorists proceeding in a westerly direction on Highway 110 then encounter a stop ahead warning sign, a sign signifying the junction of La. 27 and Highway 110 and shortly thereafter, a sign warning motorists of a pedestrian cross walk. Approximately 165 feet from the main railroad track is a large reflectorized railroad warning sign painted on the pavement on Highway 110. About 54 feet east of the main railroad track located approximately 19 feet from the traveled portion of Highway 110 is a railroad crossbuck sign. About 24 feet east of the main track is an informational sign directing motorists to DeRidder and DeQuincy. About 130 feet past the subject railroad crossing is the intersection of Highway 110 and La. 27 where there is a stop sign and flashing red beacon lights which seek to warn oncoming motorists of the intersection. All of the signs located before the railroad tracks, with the exception of the railroad crossbuck sign, are located within six feet of the traveled portion of Highway 110.
Appellants contend that the subject railroad crossing is extra-hazardous; the approach thereto was inadequately signed; the crossbuck sign was improperly located, being too far from the traveled portion of the highway; the crossing was obscured by overgrown vegetation; and, the train crew failed to give warning of its approach to the intersection.
The voluminous trail record contains extensive expert testimony, often in direct conflict. Plaintiffs’ experts testified that the approach to the railroad crossing with its multiple signs presented a confusing traffic situation to motorists unfamiliar with the area. Further testimony by plaintiffs’ experts indicated that the location of the railroad crossbuck sign, approximately nineteen feet from the traveled portion of the highway, was in violation of applicable standards. In particular, Dr. John L. Baer-wald, an expert in the field of transportation and traffic engineering stated that the crossing at issue was extra-hazardous. Dr. Baerwald testified that the location of the flashing red beacon lights at the intersection of Highway 110 and La. 27 functions to distract the attention of motorists away from the railroad, crossing and that the location of the railroad crossbuck sign makes the crossbuck ineffective as a warning device. On the other hand, defendants’ expert witnesses testified that the crossing was a “typical” one that posed no unreasonable risk of harm to the ordinarily prudent motorist. All testified that the intersection was adequately signed. Dr. Ned Walton, an expert regarding human factors in traffic and transportation engineering testified that 65% of all railroad crossings have highway intersections located within 200 feet such as the one at issue. In addition, defendants’ expert witnesses stated that the crossbuck sign at issue was not incorrectly located according to applicable standards, but rather, in the interest of motorists’ safety, it should not be located any closer to the traveled portion of the highway since it was not a so-called “breakaway” sign.
With regard to the alleged overgrowth of vegetation in the area of the accident plaintiffs’ witnesses testified that same obscured Mrs. Bernard’s view of the tracks and approaching train. Although plaintiffs’ witnesses testified to the presence of overgrown vegetation, photographs of the accident site admitted at trial do not reflect overgrown vegetation sufficient to significantly affect the ability of a reasonably attentive motorist to see the tracks and act accordingly.
Although Mrs. Bernard and her son, Wayne, II, testified that they did not hear the train whistle sound as they approached the railroad crossing, several area residents and members of the train crew stated that the train whistle was sounded numerous times as the train proceeded toward the crossing.
Mrs. Bernard testified that as she drove toward the crossing, she observed only a pedestrian crosswalk sign, and the flashing red beacon lights and the stop sign located at the intersection of Highway 110 and La. 27. In addition, Mrs. Bernard stated that *571 she had slowed her vehicle to a “rolling stop” in anticipation of stopping behind an automobile ahead of her vehicle at the highway intersection. Mrs. Bernard stated that she did not see the oncoming train until a few seconds before impact. Mrs. Bernard testified that immediately prior to the collision she thought of backing up, but instead decided to accelerate in an attempt to avoid the collision.
The duty owed by the State Highway Department to motorists traveling on Louisiana’s highways is well-established. It is the duty of the Highway Department to construct and maintain the highways in a condition reasonably safe for persons exercising ordinary care and reasonable prudence. Coleman v. Houp, 319 So.2d 831 (La.App. 3rd Cir. 1975); U.S.F. & G. Company v. State, Department of Highways, 339 So.2d 780 (La. 1976). The State Department of Highways is not responsible for every accident which may occur on state highways, nor is it a guarantor of the safety of travelers thereon, or an insurer against all injury or damage which may result from obstruction or defects in such highways. See Barnes v. Liberty Mutual Insurance Co., 350 So.2d 288 (La.App. 3rd Cir. 1977), writ refused, 352 So.2d 259 (La. 1977); United States Fidelity and Guaranty Company v. State Department of Highways, State of Louisiana, et al, supra. Clearly, insofar as the railroad crossing at issue is concerned, the duty of Kansas City Southern to highway motorists should be no greater than that owed by the Department of Highways.
The issue on appeal concerns the factual conclusions of both the trial jury and the trial judge. The judge and jury concluded that neither Kansas City Southern nor the Department was guilty of negligence which was a proximate cause of the accident, thus, apparently concluding that the subject crossing was properly and adequately signed, that the train crew acted reasonably and appropriately in their operation of the train, and that the condition of the crossing at the time of the accident presented no unreasonable danger to the reasonably prudent motorist. Discerning no clear error in these factual findings and conclusions, such findings and conclusions must be affirmed. See Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, writ granted, 359 So.2d 1303 (La. 1978), 365 So.2d 1330 (La. 1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir. 1979); Bertrand v. Aetna Casualty and Surety Company, 306 So.2d 343 (La.App. 3rd Cir. 1975).
The only other issue on appeal concerns the adequacy or inadequacy of the amount of damages awarded to Rebecca Ann Bernard. Since we have concluded as did the trial jury and judge, that the responsibility for plaintiffs’ damages lies solely with the Allstate Insurance Company, we need not consider this issue since the amount awarded by the lower court to Rebecca Ann Bernard greatly exceeds the limits of the liability insurance policy issued by Allstate to Kathy Diane Bernard.
For the above and foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed one-half (V2) to plaintiffs-appellants, Wayne A. Bernard, Sr., Wayne A. Bernard, II, Rebecca A. Bernard, and one-half (V2) to defendants-third party plaintiffs-appellants, Kathy Diane Bernard and her insurer, Allstate.
AFFIRMED.

. Following institution of suit Rebecca Ann Bernard attained the age of majority and now prosecutes this suit in her own right.

. As indicated above, Kathy Diane Bernard, wife of plaintiff Wayne A. Bernard, Sr. and mother of the remaining plaintiffs, was made a party-defendant along with her insurer, Allstate. Additionally, Mrs. Bernard was named as a third party defendant in third party demands filed by the Department and Kansas City Southern. Mrs. Bernard remained a defendant and third party defendant throughout the entire trial. Although the jury concluded that Mrs. Bernard was negligent and that her negligence was the sole proximate cause of the accident, the trial court did not render judgment in favor of plaintiffs against Mrs. Bernard individually, but rather, rendered judgment only against her insurer, Allstate. The trial court’s judgment restricted plaintiffs’ recovery to the limits provided in the liability insurance policy issued to Mrs. Bernard by Allstate. Since no judgment has been rendered and signed casting Kathy Diane Bernard, we do not consider that the question of her individual responsibility to plaintiffs is before this court on appeal. In this connection, we observe that appellants do not assign as error the failure of the trial court judgment to cast Mrs. Kathy Diane Bernard in judgment along with her insurer.

. This matter was not dismissed as to Arthur R. Bynog. Presumably, the omission of his name from the motion and order of dismissal was a clerical error as no further mention is made of Mr. Bynog in these proceedings or in the judgment appealed from.