BARRY, Judge.
This consolidated litigation involving a lease dispute resulted in a directed verdict against the lessor’s eviction suit and dismissal of the lessor’s and lessee’s petitions for declaratory relief.
System Fuels, Inc. (System) was formed by the four operating companies of Middle *471 South Utilities[1] in order to acquire and store large quantities of fuel oil for resale without profit to the operating companies. On April 5, 1973, System entered a long-term lease with International Tank Terminals, Ltd. (ITT) for rental of fuel storage tanks and on June 30, 1975 the lease was assigned by ITT to International Matex Tank Terminals (Matex), a partnership which includes ITT.
On April 24, 1980 Matex sent a certified letter to System alleging it failed on eight occasions in March and April, 1980 to observe the inpumping rate required by paragraph 14 of the lease and put System on notice of future sanctions if it did not comply with the lease’s minimum inpumping requirements.
On June 10, 1980 another certified letter was sent to System alleging that on June 3, 1980 four of its barges failed to discharge at the required minimum rate and specified that constituted a breach of the lease which Matex elected to terminate as of June 30, Í980.
System sued ITT for a declaratory judgment and injunctive relief under the lease. Matex was added as a co-defendant and reconvened for a declaratory judgment seeking interpretation of the same lease provisions. Matex, appearing through its partner, ITT, then filed a petition to evict System and for dissolution of the lease.
Trial began on the eviction with Matex presenting evidence which it adopted to support its reconventional demand in System’s declaratory suit. System moved for a directed verdict in- the eviction proceeding and summary judgment on its petition for declaratory relief, adopting the testimony presented “thus far” stating: “Well be in the position to go forward if you deny our motion.” The Trial Judge granted a directed verdict in the eviction suit, denied System’s summary judgment motion for declaratory relief, then without hearing further evidence dismissed both declaratory suits. New trials were denied and all parties now appeal.
DIRECTED VERDICT ON EVICTION
The pivotal issue is the interpretation of what appears to be clear language in paragraph 14 which states:
It shall be Lessee’s responsibility to handle all inpumping of products from ship or barge at its cost and at a rate of not less than twenty thousand (20,000) barrels per hour for products received by ship and of not less than twenty-five hundred (2,500) barrels per hour per barge for products received by barge. (Emphasis supplied.)
System contends the provision means it must pump each barge at a rate of 2,500 barrels per hour; if four barges arrive together, each containing 2,500 barrels, then it is permitted four hours to off-load the four barges. Matex and ITT urge the clause means each barge must off-load at 2,500 barrels per hour, i.e., four barges each containing 2,500 barrels would have one hour to off-load 10,000 barrels. We agree with this latter reading of the phrase. The language explicitly requires each barge must discharge 2,500 barrels per hour whether one or more barges arrives at the same time to off-load. Therefore, the Trial Judge’s finding that paragraph 14 is ambiguous is clearly wrong.
Matex and ITT contend the evidence was sufficient to show that System defaulted under paragraph 14 and the lease should be terminated under paragraph 22 of the lease. Matex argues it should not be estopped from evicting System based on its prior acquiescence in System’s continued failure to meet the “required inpumping rate set forth in Paragraph 14.” Matex contends that the April 24, 1980 letter provided System with adequate notice that prior deviations from the lease would not be acceptable in the future and cites Farmers Gas Company v. LaHaye, 195 So.2d 329 (La.App. 3d Cir.1967). This is an accurate statement *472 of law; however, we are satisfied that Ma-tex has not proven its case to support eviction.
Paragraph 22 provides in part:
Should Lessee default at any time ... in the prompt performance and observance of any of the terms or conditions of this agreement ... and any such default, ... continue for thirty (30) days or more after written notice thereof by Lessor to Lessee, ... then and in any such event, the rental for the whole unexpired term thereof shall, at the option of Lessor, become immediately due and payable. In any such event, Lessor shall also have the right, at its option, to terminate this agreement or claim the total amount due under the related schedule for the complete term of the agreement ....
The June 10th default letter set out allegations that certain barges failed to comply with paragraph 14. While we agree the lease mandates that each docked barge offload 2,500 barrels per hour, many details regarding the discharging are not specified in the lease. Significantly, it does not require that the lessee dock more than one barge at a time. The lease is also silent as to which dock is to be utilized and as to the configuration at the loading arms when more than one barge is simultaneously docked. The lease does not specifically require a cross-connection from the barges connected directly to the loading arms. Considering all of this, the evidence is lacking to establish a paragraph 14 default which continued for 30 days after notice, and System’s alleged failure to meet the specified discharge rate in June, 1980 was insufficient to justify eviction.
Matex also claims the Trial Judge erred because the “action for eviction had been consolidated with an action for declaratory judgment filed by SFI.” System was appearing in the dual capacity of both plaintiff (declaratory judgment suit) and defendant (eviction suit). LSA-C.C.P. Art. 1810(B) provides that a motion for a directed verdict cannot be considered by the court until after “plaintiff” has presented its evidence. Matex and ITT argue that SFI presented no evidence as “plaintiff” in the declaratory judgment, hence, the Trial Judge improperly granted System’s directed verdict. There is no merit to this contention. Matex and ITT presented evidence as plaintiffs in the eviction suit, rested their case, and adopted that evidence as plaintiffs-in-reconvention in the declaratory judgment suit. At this point System, as defendant in the eviction suit, properly moved for a directed verdict and that is not in conflict with Art. 1810(B).
Dissolution of a lease is not favored in our law and any ambiguity in the lease must be construed in the lessee’s favor. The lessor’s right to terminate must be clearly demonstrated. Wilson v. Cost + Plus of Vivian, Inc., 375 So.2d 683 (La.App. 2d Cir.1979), Tullier v. Tanson Enterprises, Inc., 367 So.2d 773 (La.1979). Matex and ITT failed to establish a breach of paragraph 14 sufficient to allow termination under paragraph 22. Accordingly, there is no factual basis to evict System and the directed verdict was properly granted under Art. 1810(B) and the standards enunciated in Sevin v. Shape Spa For Health & Beauty, 384 So.2d 1011 (La.App. 4th Cir.1980).
DECLARATORY RELIEF
System argues that it was denied the opportunity to present evidence in its suit for declaratory relief. As stated above, paragraph 14 is clear, unambiguous and susceptible of only one interpretation, therefore, parol evidence is unnecessary to establish its meaning. Nor do we find ambiguity as to paragraph 22. For instance, if Matex can prove that System fails to discharge 2,500 barrels per hour (minimum) for each barge at dock, and such failure continues for 30 consecutive days (for all barges offloaded), then a prima facie case exists for eviction, subject to whatever defense(s) System can establish. Accordingly, it was proper that System’s lawsuit for declaratory relief be dismissed.
For the above reasons, the trial court erred in denying Matex’s reconventional demand for declaratory relief.
*473 DECREE
The Judgment of the district court in favor of System Fuels, Inc. in No. CA-0060 dismissing the eviction lawsuit and in No. 13346 dismissing System’s petition is affirmed; further, in No. 13346 the Judgment dismissing ITT/Matex’s reconventional demand is reversed and Judgment is hereby entered in favor of ITT/Matex construing the lease as set forth above. Each party to pay its own costs.
AFFIRMED IN PART; REVERSED IN PART.

. New Orleans Public Service, Louisiana Power & Light, Mississippi Power & Light, Arkansas Power & Light.