SUGG, Retired Supreme Court Justice, for the Court:[1]
Appellants filed suit in the Circuit Court, Second Judicial District of Harrison County, on September 17, 1980, for breach of contract and alleged that the bank, through its chief executive officer Goodwin, agreed to finance appellants’ used car business but failed to do so.
The appellees filed separate answers and incorporated in their answers a general demurrer. They also filed a plea in bar based on the statute of frauds, and alleged that the contract, if any, was an oral agreement not to be performed within the space of 15 months.
The circuit court, Judge Leslie B. Grant presiding, entered an order on July 17, 1981, sustaining the demurrer and the plea in bar and granted plaintiffs thirty days to file an amended declaration.
Plaintiffs alleged in their amended declaration that they obtained a Small Business Administration loan for $280,000.00 on May 5, 1978, from the bank for the purpose of expanding the operations of plaintiffs’ business.
Plaintiffs alleged that because of anticipated growth and the significant expansion of business they requested assurances as to the continuing availability of automobile financing arrangements through the bank, and alleged:
... JAMES C. GOODWIN, JR. specifically told JOHN E. BECK, JR. that financing would never be a problem, and that as long as the bank had sufficient funds for this purpose that JOHN E. BECK, JR. and BECK ENTERPRISES, INC. would be a preferred customer. JAMES C. GOODWIN, JR. specifically indicated to JOHN E. BECK, JR. that Metropolitan would never arbitrarily cut off financing to him as they were aware that this was the very heart of his business. It was this express commitment from the defendants that caused the plaintiffs to agree to enter into the Small Business Administration Loan Agreement and to expand their business. Absent these specific assurances, upon which the plaintiffs relied, the plaintiffs would not have assumed the inherent risks in beginning to do business in a much expanded format.
Plaintiffs also alleged that in August 1979, the financing agreement was terminated by the bank, and financing could not be obtained from other banks in the area for several reasons including changes in the overall economic condition. Appellees filed a general demurrer to the amended declaration and also a motion to strike based on the statute of frauds because the contract, if any, was an oral agreement which was not to be performed within the space of fifteen (15) months.
On July 12, 1982, the court sustained the general demurrer and the motion to strike.
The order is styled “Agreed Order” and was approved and agreed to by the attorney for appellants and the attorney for appellees. However, appellees do not con *760 tend on appeal the order was intended as an agreed order so as to preclude an appeal. We therefore treat the “agreed order” as one approved as to form only.
The amended declaration does not allege the amount of financing which would be advanced by the bank, the rate of interest that would be charged, the time for advancement, the time for repayment, or what security would be required for such financing.
In Izard v. Jackson Production Credit Corporation, 188 Miss. 447, 195 So.2d 331 (1940), this Court held an agreement to lend money was too indefinite to constitute a contract and stated:
To sustain the peremptory instruction granted it by the court below, the appel-lee insists (1) that the alleged agreement to finance for another year was too vague, indefinite and uncertain to constitute a valid and enforcible contract; ....
We think the case is easily solvable upon the first proposition. That is, taking the alleged parol contract entered into between Hamilton and Izard in the most favorable light possible, it was too vague and uncertain to constitute an en-forcible contract, for the breach of which damages would be enforcible.
... The contract then, upon which Izard must rely, is the bare statement — if you will apply your cotton check due you for the 1938 cotton crop. I will finance you for another year. This constituted no contract whatever to lend money to the appellant on the part of the appellee. There was no agreement as to when, in the year 1939, he would be furnished money with which to make another crop; the amount to be furnished; the rate of interest; or as to security for the advancement.
As to the enforcibility of this contract, we say that it was too vague, indefinite and uncertain to constitute a valid contract and therefore cannot be enforced. In A.L.I., 1 Restatement, Contracts, § 32, the following is stated: “an offer must be so definite in its terms, or require such definite terms in the acceptance, that the promises and performances to be rendered by each party are reasonably certain.” ...
Sustaining this view, with reference to contracts to lend money in the future, we cite the cases of Erwin & Williams v. Erwin, 25 Ala. 236; Gafford v. Pros-kauer & Co., 59 Ala. 264; ...
In First Money, Inc. v. Frisby, 369 So.2d 746 (Miss.1979), this Court considered an oral contract to lend money. The contract was that if Frisby could arrange a land purchase deal, First Money would finance the acquisition and provide a buyer to purchase the property from Frisby at a profit. The court held, citing Izard, such an agreement did not amount to a contract to lend money because it was too indefinite.
Appellant contends that First American National Bank of Iuka v. Alcorn, Inc., 361 So.2d 481 (Miss.1978), is controlling on the question of whether the agreement between appellants and appellees is an enforceable contract. First American has no application because it involved an enforceable letter of credit.
Appellants also contend the agreement was enforceable under our holding in First Mississippi Bank v. Latch, 433 So.2d 946 (Miss.1983). In that case the bank agreed orally to extend appellee an open line of credit up to $50,000.00 on small loans and all that would be required was appellee’s signature, but on larger loans to enable appellee to finance construction projects, the bank would require an assignment of the proceeds of the contract. Each note would be for a period of six months and bear interest at the rate of 10% with an option to renew for another six months. The bank verified appellee had an unused line of credit up to $50,000.00, in a letter to the Corps of Engineers to assure the Corps appellee had financial ability to complete the job. The bank advanced appellee $12,-500.00 of a requested $15,000.00 loan and appellee secured the remaining $2,500.00 from another lender. The bank refused to lend appellee more than $12,500.00 for reasons shown by the evidence.
*761 This Court held the contract was terminable at will, but under the peculiar facts of the case, the bank should have given reasonable notice of its intent to terminate the agreement. The measure of damages to be determined on remand was the interest paid by the appellee to another lender in excess of 10%, the rate the bank had agreed to charge, on the $2,500.00 appellee borrowed from another lender.
Latch is not applicable to the facts alleged by appellants in the case at bar, and affords appellants no comfort.
We hold that the trial judge properly sustained the demurrer because the agreement was too vague and indefinite to be enforced. Appellants did not allege how much money was to be advanced, when it was to be advanced, on what security the advances were to be made, when the advances would be repaid, or what interest would be charged for the advances.
Having held the demurrer was properly sustained, there is no necessity to consider whether the agreement violated the statute of frauds.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.

. Sitting pursuant to Mississippi Code Annotated, Section 9-3-6 (Supp.1982). The above opinion is adopted as the opinion of the Court.