IRVING, J„
for the Court.
¶ 1. Hezekiah Patton, Jr. sued State Bank and Trust Company (State Bank) for breach of an oral contract and misrepresentation, among other claims. After discovery, the Bolivar County Circuit Court granted summary judgment to State Bank. Aggrieved, Patton appeals and argues that the grant of summary judgment was improper. State Bank cross-appeals, asserting that Patton’s appeal was filed untimely.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. This dispute arises from the sale of a foreclosed property in Shelby, Mississippi, to Patton by State Bank. Patton maintains that State Bank agreed to finance not only the purchase price of the building, but also to lend sufficient funds to convert the building into a blues club and restaurant. State Bank denies that it agreed to fund the cost of renovating the building. Patton eventually sued State Bank, seeking monetary damages for fraudulent misrepresentation, breach of contract, tortious breach of the covenants of good faith and fair dealing, intentional infliction of emotional distress, gross negligence, fraudulent inducement, misrepresentation, and deceit. The suit sought not only actual damages, but also punitive damages.
¶ 4. In granting summary judgment, the court found that Patton had “failed to present any evidence that any ' contract existed.” The court also found that, since there was no evidence presented that State Bank had made a misrepresentation, all of Patton’s other claims should also be dismissed, since they were dependent on the success of the misrepresentation claim.
¶ 5. Additional facts will be related as needed during our discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Summary Judgment

¶ 6. We employ a de novo standard of review to a lower’s court grant of summary judgment. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77 (¶9) (Miss.2002). Since summary judgment was entered against Patton, we will construe the record in the light most favorable to him. Id. Summary judgment is proper only when the non-moving party is unable to present any genuine issue of material fact, thereby entitling the moving party to judgment as a matter of law. Id. The burden is on State Bank to demonstrate that no genuine issue of material fact exists. Id.
¶ 7. Patton argues that summary judgment was improper in his case. He contends that the trial court erred in making credibility determinations and weighing the evidence when it decided the motion for summary judgment. In relation to his breach of contract claim, Patton argues that the trial court erred in determining that he failed to present any evidence that an oral contract existed between the parties because “such a ruling would require that the trial court weigh the credibility of his affidavit and deposition.” Patton maintains that his affidavit and deposition lend credence to his assertion that he and State Bank entered into an oral contract in *393 which State Bank agreed to finance necessary renovations to the property. State Bank counters that it never made such an agreement with Patton. More specifically, State Bank maintains that it merely agreed to completely finance the purchase price of the building and to lend an additional $3,000 to $5,000 for operating expenses, clean up, and inventory. Patton cites Stegall v. WTWV, Inc., 609 So.2d 348 (Miss.1992), for the proposition that “issues of fact sufficient to require denial of a summary judgment motion exists where one party swears to one version of the matter in issue and the other party says the opposite.”
¶ 8. In Stegall, a candidate for public office brought an action against a television station and reporter for false statements made during a news broadcast. Stegall, 609 So.2d at 350. The Mississippi Supreme Court held that there existed material issues of fact to warrant a jury trial where one party alleged that the false statement was made at 6:00 p.m., and the other alleged that it was made at 7:00 p.m. Id. at 351.[1] In that case, it was uncontro-verted that a false statement was made. The Court surmised that the factual dispute as to what time the statement was made, which might influence an award of damages, had to be resolved by a jury. Id. Here, unlike the false statement in Stegall, there is no evidence that a contract existed. Had there been any evidence that a contract existed between the parties, then Patton’s claim would fall under the rationale of Stegall.
¶ 9. We agree with State Bank that Patton’s breach of contract claim is more akin to the facts and holding in Beck v. Goodwin, 456 So.2d 758 (Miss.1984). In Beck, the owner of a used car business brought suit against a bank and its chief executive officer (CEO) because he alleged that the bank’s CEO had orally agreed to finance his used car business but had failed to do so. Beck, 456 So.2d at 759. Our supreme court, relying on the standard it announced in Izard v. Jackson Prod. Credit Corp., 188 Miss. 447, 195 So.2d 331 (1940), held that “the agreement to lend money was too indefinite to constitute a contract.” Beck, 456 So.2d at 760. This same analysis was again utilized in First Money, Inc. v. Frisby, 369 So.2d 746 (Miss.1979), which also involved an oral contract to lend money. The court, citing Izard, held once again that “such an agreement did not amount to a contract to lend money because it was too indefinite.” Frisby, 369 So.2d at 751.
¶ 10. In the case sub judice, Patton cannot state how much money State Bank promised it would lend him to aid with renovations. He could not state the agreed upon interest rate of repayment or what type of payment plan would be utilized. There is no evidence, and Patton provides none, as to whether the parties ever agreed on what type of collateral would be used to secure the loan. According to Patton’s own deposition testimony, none of this information had been discussed because he did not know how much money he would need for renovations prior to purchasing the building. All we have is Patton’s somewhat contradictory deposition testimony and self-serving affidavit that State Bank promised him that it would provide money for renovations if he purchased the building. Furthermore, Loyd Tally, then branch manager of State Bank and the person who sold the building to Patton, categorically denied ever making a loan commitment to Patton for reno *394 vations or ever discussing any terms of a renovation loan with Patton. The alleged oral contract between the parties was indefinite and vague, at best. We would have no way of ascertaining the terms of such a contract if we were inclined to find that a contract had indeed been formed. We find that a contract involving the loan of money must be more definite and complete than the one alleged by Patton.
¶ 11. We note that Patton’s complaint alleges a breach of the covenant of good faith and fair dealing that is inherent in all contracts. Having found that Patton has presented no evidence to support the existence of a contract between himself and State Bank, there can be no breach of the covenant of good faith and fair dealing.
¶ 12. Therefore, Patton is forced to rely on his misrepresentation claim in trying to prove that the lower court erred in granting summary judgment. Patton argues that the court erred “in determining that there were no issues of material fact as to whether Tally promised Patton additional funds for renovations.” In resolving this issue, it is essential that a determination be made as to whether Patton produced any evidence showing that State Bank made a misrepresentation in regards to agreeing to lend Patton additional money for renovation purposes. We find that no actual evidence whatsoever was presented by Patton showing that State Bank ever made such a misrepresentation to him. By his own deposition answers, Patton admitted that no specific amount, loan commitment, or loan terms were ever discussed between himself and State Bank. Patton also failed to provide testimony or evidence reflecting other important aspects of the loan, such as repayment terms, interest rate, or collateral to secure the loan. Patton merely relies on his bare assertion that State Bank made a loan commitment for renovation expenses if he purchased the property. Regardless of what Patton alleges that State Bank orally promised him about providing a loan for renovations, we still find that he has not provided any evidence sufficient to establish a genuine issue of material fact regarding this claim.
¶ 13. Patton ends his brief by asserting that he had valid claims for infliction of emotional distress, gross negligence, fraudulent inducement, misrepresentation, and deceit. The basis for each of these claims lie in the alleged misrepresentation by State Bank that it would lend Patton additional funds for renovation if he purchased the property. As noted above, Patton failed to produce sufficient evidence to support his assertion that State Bank made a misrepresentation to him. As such, Patton’s remaining claims, which were interrelated to his- misrepresentation claim, must likewise be dismissed. We find that the lower court properly granted summary judgment on these claims as well.
¶ 14. Despite the heavy burden that a moving party in a motion for summary judgment faces, we find that State Bank has met that burden in this case. The trial court’s grant of summary judgment was proper. Even construing the record in the light most favorable to Patton, we still find that no genuine issue of material fact was demonstrated from the evidence produced.

2. Timeliness of Filing

¶ 15. In its cross-appeal, State Bank asserts that Patton’s appeal was not timely filed. The court entered its order granting summary judgment on July 13, 2004. However, the clerk of the court neglected to send a copy of the order to either of the parties at that time. Consequently, both parties still believed that there was a hearing in the case set for September 30, 2004. On September 27, State Bank’s attorneys discovered that summary judgment had *395 been granted in July and immediately called to inform Patton’s attorneys of the same. The clerk of the court swore in an affidavit that Patton’s attorneys received a certified copy of the order only on September 29, 2004. On October 6, 2004, Patton’s attorneys filed a motion to reopen the time for appeal pursuant to Rule 4(h) of Mississippi Rules of Appellate Procedure, which was granted by the court.
¶ 16. According to Rule 4(h), if notice of a judgment is not received from the court clerk, a party may be granted additional time to file an appeal as long as a motion for more time is made within seven days of receiving notice of the order or judgment, or 180 days from the entry of the order, whichever is earlier. State Bank contends that Patton received notice on September 27, 2004, when its attorney called Patton’s attorneys to tell them that summary judgment had been granted. Patton contends that the phone call was insufficient to constitute the notice required to begin the running of the time in Rule 4(h).
¶ 17. Duncan v. Duncan, 774 So.2d 418, 420 (¶¶ 5-7) (Miss.2000), holds that Rule 4(h) is subject to Mississippi Rule of Civil Procedure 77(d). According to Rule 77(d), “[a]ny party may in addition serve a notice of [the entry of an order or judgment] in the manner provided in Rule 5 for the service of papers.” Under Rule 5, “[s]er-viee upon the attorney or upon a party shall be made by delivering a copy to him; or by transmitting it to him by electronic means; or by mailing it to him at his last known address.... ” The rule does not allow service by merely making a telephone call.
¶ 18. Therefore, the September 27 phone call was not sufficient to provide notice, and the earliest date that Patton received official notice was September 29, 2004, when his attorneys received a certified copy of the order directly from the court clerk. Although Patton urges us to find that “the notice of entry was never served,” we find that notice was served by the clerk on September 29, 2004, when she handed one of Patton’s attorneys a certified copy of the order granting summary judgment. According to the time calculation guidelines specified in Rule 6(a) of Mississippi Rules of Civil Procedure, the date of service of the order is excluded. Accordingly, the October 6, 2004 filing and ensuing appeal were timely, as Patton had seven days from the date of notice to file his motion. State Bank’s argument to the contrary is rejected.
¶ 19. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT IS AFFIRMED AS TO BOTH DIRECT AND CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT/CROSS-APPEL-LEE.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. Stegall claimed that the false statement was made during the 6:00 p.m. news, before the polls closed. WTWV [the television station] and Coggin [the reporter] claimed that the false statement was broadcasted during the election coverage which began after the polls closed at 7:00 p.m.