IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2009

Charles R. Fulbruge III
Clerk

No. 07-60662
Summary Calendar

CORA MOSS HAYWOOD

Plaintiff-Appellant

v.

TRIBECA LENDING CORPORATION; FRANKLIN CREDIT
MANAGEMENT CORPORATION; FCMC 2001 D CORPORATION

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 2:06-CV-108

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

This case is about whether someone who understands and voluntarily signs a loan contract is bound by its written terms. Pro se Plaintiff-Appellant Cora Moss Haywood ("Haywood") entered into a loan refinancing contract with Defendant-Appellant Tribeca Lending Corporation ("Tribeca").[1] She concedes

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Haywood had defaulted on an original loan, which was eventually assigned to Defendant-Appellee Franklin Credit Management Corporation ("Franklin Credit"). She

that she read and signed the contract for the refinancing but claims that oral representations of one of Tribeca's employees altered the terms of the agreement. Specifically, Haywood alleges that the Tribeca employee told her, in a phone conversation before she signed the documents, that if she timely made her first two payments and improved her credit score after she recovered from bankruptcy, Tribeca would provide her with a new refinancing with more favorable terms. This new refinancing also allegedly would have included a $10,000 cash payout.

In granting summary judgment on Haywood's fraud, misrepresentation, and fraud-in-the-inducement claims, the district court noted that Haywood could not have reasonably relied upon the Tribeca employee's alleged misrepresentation. Regarding fraud and misrepresentation, the district court correctly analyzed Mississippi law on reasonable reliance on oral representations. As the Mississippi Supreme Court has stated, "a person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract." Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., 584 So. 2d 1254, 1257 (Miss. 1991). This is because "a written contract cannot be varied by prior oral agreements." Id. In Godfrey, the court excused one party from its failure to read the addendum to the contract because both parties validly believed, based on their conversation, that a junior member of the architecture firm in question had removed the relevant term from the addendum. Id. at 1259. Here, Haywood presents no similar circumstance in which we can excuse her failure to question the differences between the alleged oral representations and the terms of the written contract.

---

contacted Franklin Credit about refinancing, and Franklin Credit referred her to Tribeca.

Similarly, the district court correctly rejected Haywood's fraud-in-the-inducement argument, as there is no indication that Tribeca promised to make a new loan with a present intent not to perform or that the oral representations were definite enough to form the basis of a contract. See Patton v. State Bank & Trust Co., 936 So. 2d 391, 393-94 (Miss. Ct. App. 2006). For example, the alleged oral deal did not discuss an interest rate, the term, or other specifics of a purported loan, so this conversation could not have formed the basis of a contract for a new refinancing. See id.

In sum, Haywood signed a written contract to refinance her loan. Under Mississippi law, she could not have validly relied upon an alleged oral representation that contradicted the terms of that contract. Accordingly, we affirm the district court's grant of summary judgment.[2]

AFFIRMED.

---

[2] In her reply brief, Haywood challenges the district court's denials of her motions for a preliminary injunction and motions to amend. However, Haywood did not raise these issues in her initial brief. In fact, she likely briefed these issues in response to Tribeca's initial brief, which, presumably out of an abundance of caution, explained why the district court did not err in its rulings. We cannot consider arguments raised for the first time in a reply brief. See United States v. Jackson, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants . . . are waived."). We also DENY Haywood's motion to supplement the record on appeal and her motion for sanctions.