# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2025

Lyle W. Cayce
Clerk

———————

No. 24-50513

———————

DigitalDesk, Incorporated; R. Greg Gomm,

*Plaintiffs—Appellants*,

*versus*

Bexar County, *Texas, By and through its agent the Bexar County District Attorney's Office*; LiftFund, Incorporated,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-886

———————————————————————

Before Elrod, *Chief Judge*, and Higginbotham and Ramirez, *Circuit Judges*.

Patrick E. Higginbotham, *Circuit Judge*:

The Plaintiffs' complaint and its cited documents collectively allege that Bexar County and LiftFund Inc.[1] funded and operated the Bexar County Small Business Assistance Program (the "Program") to provide grants to small businesses impacted by the COVID-19 pandemic. The methodology used to score grant applications, its Scoring Methodology, granted additional

_____

[1] LiftFund is a non-profit corporation that provides business loans.

points to "Women Owned" and "Minority Owned" businesses, and Defendants funded applicants with higher scores before funding applicants with lower scores. As there were more applications than available funds under the Program, those with lower scores would not receive funds. The Scoring Methodology was approved by Bexar County and implemented by LiftFund.

Plaintiffs Greg Gomm and his software company DigitalDesk applied for a grant through the Program, declaring that Gomm was a white, non-Hispanic male. Gomm was eventually notified by LiftFund that "[t]he grant application review process was completed using the [Scoring Methodology]" and that "all grant funds have been allocated and your business will be unable to receive funding from this program."

Gomm and his company then sued Defendants in federal court, alleging that implementation of the racial and sex preferences manifested by the utilization of the Scoring Methodology violated the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1983, and 1985, and requested compensatory and punitive damages.[2]

Defendants moved to dismiss for lack of jurisdiction under FED. R. CIV. P. 12(b)(1), arguing that Gomm and his company were ineligible for a grant because they failed to follow the Program's application instructions requiring submission of a filed business tax return for 2020, were injured by

---

[2] While Gomm also requested an injunction and declaratory relief, his initial brief did not challenge the district court's holding that he lacked standing to request prospective relief, waiving any argument regarding the district court's ruling on those remedies. *See, e.g. CenturyTel of Chatham, LLC v. Sprint Commc'ns Co., L.P.*, 861 F.3d 566, 573 (5th Cir. 2017). Waiver cannot be remedied by arguments made in a reply brief. *See, e.g. Haywood v. Tribeca Lending Corp.*, 307 F. App'x 869, 871 n. 2 (5th Cir. 2009).

their failure to follow instructions and not by illegal discrimination, and hence lacked standing.

The district court dismissed the case, finding that Gomm and his company were denied a grant solely for failing to follow the application instructions and that race and sex were not factors in the denial. It concluded that they did not prove injury, lack standing, and could not prove subject-matter jurisdiction by a preponderance of the evidence.

Gomm and his company appealed, alleging injury inflicted by the Scoring Methodology, both a stigmatizing and an opportunity injury because they were able and ready to apply but faced a discriminatory barrier, and that—at a minimum—they should be permitted to engage in limited jurisdictional discovery to prove their standing to bring this suit.

# I.

Gomm asserts that discovery could find proof that he was injured by Defendants' illegal racial and sexual discrimination in the application process. Magistrate Judge Farrer understood the importance of discovery in proving Gomm's injury and explicitly asked if jurisdictional discovery was needed. Gomm's counsel responded by saying "you certainly do raise some good points" and his co-counsel noted that he "would tend to think that allowing jurisdictional discovery would be appropriate." But Gomm did not request discovery.

Gomm now asserts that he is entitled to at least jurisdictional discovery. The central flaw in this argument is that—despite Judge Farrer's prompting—Gomm failed to request discovery before the district court.[3]

---

[3] While Gomm did move to lift a stay and allow jurisdictional discovery, they failed to object to or appeal Judge Farrer's denial of that motion. And even though Judge Farrer

No. 24-50513

The proper time to request discovery is not now, on appeal, but when the Defendants filed their motion to dismiss 18 months ago.[4] Gomm did not and now cannot provide evidence of discriminatory treatment and injury.

Gomm and his company were ineligible for a grant by virtue of their failure to submit a filed 2020 business return,[5] and their failure to request discovery foreclosed a contrary finding. The complaint must be dismissed.

**II.**

For the reasons stated above, we AFFIRM the district court's dismissal of this case.

———————————————

stated that he would revisit lifting the stay should Gomm file the discovery requests for his evaluation, Gomm never did so.

[4] *See U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (finding that a relator's failure to request discovery or an evidentiary hearing forfeited his argument that the district court should not have ruled on the defendants' 12(b)(1) challenge without first allowing discovery and/or holding an evidentiary hearing).

[5] The complaint does not allege that Gomm was ineligible for a grant. To the contrary, it states that "[i]n all respects, Plaintiffs submitted a complete application demonstrating eligibility for a grant under the program." But that assertion is contradicted by the Application, which shows that "Applicants without filed 2019 and 2020 business returns are not eligible" and that Gomm did not submit a filed 2020 business return.